The STATE of Ohio, Appellee,

v.

SHARP, Appellant.

[Cite as *State v. Sharp* (1991), 71 Ohio App.3d 336.]

Court of Appeals of Ohio,
Marion County.

No. 9–89–68.

Decided March 1, 1991.

Page 337

*Jim Slagle*, Prosecuting Attorney, and *Brent Rowland*, for appellee.

*Thomas A. Mathews*, for appellant.

EVANS, Judge.

Defendant-appellant, Ronald E. Sharp, appeals from a judgment of the Marion Municipal Court, finding him guilty and sentencing him for operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1).

Due to the character of this appeal, a detailed explanation of the procedural history is required. On June 10, 1989, appellant, Ronald E. Sharp, was arrested for operating a motor vehicle while under the influence of alcohol or drugs of abuse, a violation of R.C. 4511.19(A)(1). Appellant refused to submit to a chemical test of his level of intoxication. Appellant was served with summons on June 11, 1989. On June 12, 1989, the complaint was filed and appellant was arraigned, at which time he pled not guilty to the charge.

R.C. 4511.19.1(K) provides in pertinent part that if a person is charged with a violation of R.C. 4511.19 and refuses upon request to consent to a chemical test of his blood, breath or urine to determine alcohol content, the judge immediately shall suspend the person's driver's license, if the judge at the initial appearance determines that the person has previously been convicted of a violation of R.C. 4511.19. The code further provides that the suspension shall continue until the complaint is adjudicated on the merits by the judge or until the judge, upon motion, determines by a preponderance of the evidence that there was no probable cause to arrest. Pursuant to these provisions, the trial judge suspended the appellant's driver's license during the initial hearing.

On June 30, 1989, a pretrial conference was held, at which time appellant orally requested a hearing on his refusal to submit to a chemical test. Consistent with local policy, his request was granted and a refusal hearing was scheduled for August 24, 1989. However, due to appellant's failure to file a written motion for a refusal hearing, the refusal hearing was not held. The matter was then scheduled for trial on September 11, 1989. On September 11, 1989, appellant filed a demand for a trial by jury. The trial assignment was vacated and the matter was reassigned for pretrial on September 25, 1989, and jury trial scheduled for October 4, 1989.

On September 15, 1989, the trial court, *sua sponte*, filed a "judgment entry tolling time," finding that for the purposes of the speedy trial statutes, time would be tolled from June 30, 1989 through August 24, 1989, and from September 11, 1989, through the next available date for trial. On September 21, 1989, pursuant to R.C. 2945.73, appellant filed a motion to discharge for the state's failure to bring him to trial within the ninety days required. On September 29, 1989, the trial court again addressed the speedy trial statutes in its "judgment entry tolling time," concluding that the scheduled jury trial of October 4, 1989 be continued pending resolution of appellant's motion to discharge and that the time be tolled from September 21, 1989 to the date upon which the trial court ruled on appellant's motion to discharge. On October 19, 1989, a hearing was held on appellant's motion to discharge and, by judgment entry of November 22, 1989, the motion was overruled.

On December 18, 1989, appellant withdrew his plea of not guilty and entered a plea of no contest and was found guilty. The trial court sentenced appellant to sixty days of imprisonment, fifty days of which was suspended, a $500 fine plus costs, $250 of which was suspended, a three-year suspension of his operator's license and two years of probation.

It is from this judgment that appellant appeals submitting one assignment of error which provides as follows:

"The trial court erred in not granting defendant's motion to discharge for the reason that he had not been brought to trial within 90 days following his arrest as required by O.R.C. Section 2945.71(B)(2) and O.R.C. Section 2945.-73(B)."

Appellant advances three arguments in support of his assignment of error. First, appellant asserts that none of the extensions under R.C. 2945.72 are applicable; second, that the record of the trial court does not affirmatively demonstrate the necessity for a continuance before the time for trial expires; and third, that the refusal motion constitutes a civil matter with its own case number and is therefore unrelated to this criminal matter. Thus, any delay

attributable to the refusal motion is not chargeable to this appellant in this case.

For the reasons which follow we reject these arguments, overrule the assignment of error, and affirm the judgment of the trial court.

The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant's right to speedy trial. See generally, 1 Anderson's Ohio Criminal Practice & Procedure, Section 18.101; 25 Ohio Jurisprudence 3d (1981) 503–514, Criminal Law, Sections 284–288. In implementation of this guarantee R.C. 2945.71(B)(2) provides that:

"(A) * * *

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) * * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R.C. 2945.72 provides an exclusive list of circumstances under which an extension of this ninety-day period may be granted without violating a defendant's right to speedy trial. The following provision of R.C. 2945.72 is relevant to the case at bar:

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * *."

R.C. 2945.73(B) provides the remedy for an aggrieved criminal defendant to enforce his right to speedy trial as follows:

"(B) Upon motion at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

We will discuss appellant's first and third arguments together since they are related. First, we must analyze the suspension of appellant's driver's license under the provisions of R.C. 4511.191. Division (D) of this section authorizes the suspension of a driver's license by the Registrar of Motor Vehicles if a person under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse or alcohol and a drug of abuse refuses, upon the request of a police officer, to submit to a chemical test. Division (F) of this section provides that any person whose driver's license has been suspended may file a petition in the municipal court in whose jurisdiction the

person resides, alleging error in the action taken by the Registrar of Motor Vehicles under division (D). However, division (K) of the section provides that if a person charged with a violation of R.C. 4511.19 refuses upon request to consent to a chemical test of his blood, breath or urine, the judge immediately shall suspend the person's driver's license if the judge at the initial hearing determines that the person previously has been convicted of a violation of R.C. 4511.19. The suspension shall continue until the complaint alleging a violation of R.C. 4511.19 is adjudicated on the merits or until the judge of the trial court, upon motion, determines by a preponderance of the evidence that there was no probable cause for the arrest.

It is apparent that there are two fact situations which can result in a license suspension under the provisions of R.C. 4511.191. First, a license can be suspended by the Registrar of Motor Vehicles under the provisions of division (D). Second, under the provisions of division (K), a license can be suspended by the trial judge if he finds that the accused has been previously convicted of a violation of R.C. 4511.19. A suspension under division (D) can be reviewed under the provisions of division (F) by filing a separate petition in the municipal court to challenge the action of the registrar and notifying the registrar of such filing. A suspension under the provisions of division (K) can be reviewed as provided in division (K) by filing a motion in the criminal case then pending against the accused.

In the case before us now, that record makes it quite clear that the license of appellant was suspended by the trial judge under the provisions of division (K). Therefore, any request by the appellant to have this suspension reviewed must necessarily take place in this criminal case, not in a separate civil proceeding with a new case number as argued by appellant. This brings us to the application of the provisions of R.C. 2945.72(E). Appellant maintains that none of the extensions listed in this section are applicable in this case. In view of the fact that appellant requested a hearing on his refusal and in view of our conclusion that any such hearing must necessarily take place in this case as required by R.C. 4511.191(K) and not in a separate civil proceeding as contemplated under R.C. 4511.191(F), we hold that any delay in the trial of this case as a result of appellant's request is chargeable to appellant under the provisions of R.C. 2945.72(E).

Appellant's second argument in support of his assignment of error is that the record of the trial court does not affirmatively demonstrate the necessity for a continuance before the time within which a trial could be held expired. It appears that appellant advances this argument because of his mistaken belief that none of the delays in this case were attributable to him.

In *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 2 O.O.3d 392, 393, 357 N.E.2d 1095, 1096, the court made the following statement:

"The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or purpose."

The court continued at 210, 2 O.O.3d at 393, 357 N.E.2d at 1096:

"However, where the court, pursuant to R.C. 2945.72(H), continues the date of trial of a criminal case *by entry made prior to the expiration of the time limit derived from R.C. 2945.71* to a date two days in excess of that time limit, gives as the reason therefor 'crowded docket & judge's conference,' * * * the reasonableness of the extension cannot be seriously questioned * * *." (Emphasis added.)

There is no dispute that the statutory time within which appellant was to be brought to trial in this case was ninety days, that he was arrested on June 10 and that the ninety-day period was to expire on September 8 unless there were permissible extensions under R.C. 2945.72. Thus, in the view of the appellant, the *sua sponte* entry of September 15 was *not prior to the expiration of the time limit.* Therefore, reasons appellant, it was ineffective.

 In view of our analysis of the motion for a hearing on the refusal to consent to a test this argument must fail. The *sua sponte* entry of September 15 was prior to the expiration of the time for trial because that calculation must be made after deducting the time from June 30 to August 24 which is attributable to appellant under R.C. 2945.72(E). Furthermore, we point out that the court, in *State v. Lee, supra,* was speaking about a continuance imposed by the court under the authority of R.C. 2945.72(H). A continuance imposed by the court on its own motion must be explained by the court by journal entry before the time limit set in R.C. 2945.71 expires. In the case before us, the delays are attributable to the various maneuverings of the appellant not the *sua sponte* acts of the court. Thus, no journal entry of explanation is required since the appellant is fully aware of the reasons for the delay.

The time intervals in this case can be summarized as follows. From the date of arrest, June 10 to the date of first pretrial on June 30 is twenty days, all of which are attributable to the state. From July 1 to August 24 is a period of fifty-five days, all of which are attributable to appellant's motion to review the license suspension. From August 24 to September 11 is a period of eighteen days, all of which is attributable to the state because the case was pending trial to the court. On September 11 appellant filed a demand for a jury trial which resulted in further delay all of which is attributable to the

appellant. On September 21 appellant filed his motion to discharge for failure to provide him a speedy trial. At the time this motion was filed only thirty-eight days of the speedy trial time chargeable to the state had expired. Thus we conclude that the trial court correctly overruled the motion for discharge.

Having found no error prejudicial to appellant in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.