**OHIO BUREAU OF MOTOR VEHICLES, Appellee,**

v.

**WILLIAMS, Appellant.**

[Cite as *Ohio Bur. of Motor Vehicles v. Williams* (1994), 97 Ohio App.3d 779.]

Court of Appeals of Ohio,
Henry County.

No. 7–94–6.

Decided Dec. 1, 1994.

*David M. Grahn,* City Law Director, *Lee Fisher,* Attorney General, and *Samuel H. Simon,* Assistant Attorney General, for appellee.

*E. Charles Bates,* for appellant.

THOMAS F. BRYANT, Judge.

This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to render decision by written opinion.

Appellant Dennis J. Williams was arrested for driving under the influence of alcohol on December 8, 1993. Pursuant to R.C. 4511.191(D)(1)(a), appellant's driver's license was immediately suspended by the arresting officer on behalf of the Registrar of the Bureau of Motor Vehicles, due to appellant's refusal to submit to a chemical test to determine the alcohol content of his blood. At appellant's initial appearance before the court on December 9, 1993, the matter was continued to allow appellant an opportunity to obtain counsel. Appellant did not request an appeal of the administrative license suspension at this hearing.

On December 20, 1993, appellant appeared before the court with counsel and requested an appeal of the administrative license suspension. That appeal was denied by the trial court in a judgment entry dated December 20, 1993. The criminal case proceeded to trial by jury on May 20, 1994, and appellant was found not guilty of driving under the influence of alcohol. Appellant filed a notice of appeal on June 20, 1994, which appeal is taken from the trial court's December 20, 1993 denial of the appeal of appellant's administrative license suspension.

The administrative suspension of appellant's driver's license is a separate civil action which is unrelated to the criminal case charging appellant with driving under the influence of alcohol. *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311, paragraph one of the syllabus; and *State v. Starnes*

(1970), 21 Ohio St.2d 38, 50 O.O.2d 84, 254 N.E.2d 675, paragraph two of the syllabus.

■ We must first determine whether the denial of appellant's appeal of his administrative license suspension is a final, nonappealable order. For the following reasons, we hold that the administrative license suspension in this case is a special proceeding and, therefore, the denial of appellant's appeal concerning that suspension is a final, appealable order.

R.C. 2505.02 defines a "final order" as one that "affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *."

■ A driver's license is a substantial right and a driver may not be deprived of his or her license without due process. *Bell v. Burson* (1971), 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90; and *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 16 O.O.3d 350, 405 N.E.2d 714. Accordingly, the administrative suspension of appellant's driver's license affects a substantial right.

■ A special proceeding is a proceeding created by statute which constitutes an independent judicial inquiry. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213; and *Ross v. Ross* (1994), 94 Ohio App.3d 123, 640 N.E.2d 265. An administrative license suspension is a proceeding specifically created by statute, R.C. 4511.191. Review of an administrative license suspension constitutes an independent judicial inquiry totally separate from the criminal charge against appellant for driving under the influence of alcohol.

■ We hold that a trial court order denying an appeal of an administrative license suspension imposed by an arresting officer on behalf of the Registrar of the Bureau of Motor Vehicles is a final, appealable order. This case is distinguishable from *Columbus v. Adams* (1984), 10 Ohio St.3d 57, 10 OBR 348, 461 N.E.2d 887, and this court's opinion in *State v. Sharp* (1991), 71 Ohio App.3d 336, 594 N.E.2d 19. In those cases, the driver's licenses were suspended by the trial courts pursuant to R.C. 4511.191(K) pending resolution of the underlying criminal charges. A judicial suspension terminates upon the resolution of the related criminal case. The suspension in the case *sub judice* was made pursuant to R.C. 4511.191(D). As we noted in *Sharp*, a suspension under division (D) can be reviewed "by filing a *separate* petition in the municipal court to challenge the action of the registrar and notifying the registrar of such filing." (Emphasis added.) *State v. Sharp*, 71 Ohio App.3d at 340, 594 N.E.2d at 22.

■ Having found that the trial court's denial of appellant's appeal of the administrative license suspension was a final, appealable order, we find that the

appeal from such order must have been taken within thirty days of the trial court's judgment of December 20, 1993. App.R. 4(A). The notice of appeal filed on June 20, 1994, was clearly untimely. This court, therefore, has no jurisdiction to consider the issue raised by appellant on appeal, and this cause must be dismissed.

For the reasons stated, it is the order of this court that this cause be dismissed at the costs of appellant, for which judgment is rendered. The cause is remanded to the Napoleon Municipal Court for execution for costs.

*Appeal dismissed.*

SHAW, P.J., and EVANS, J., concur.