**The STATE of Ohio**

v.

**BELTZ et al.**

Marysville Municipal Court,
Union County.

Nos. 94 TRC 7265, 94 TRC 5639, 94 TRC 6083, 95 TRC 0433, 94 TRC 6636, 94 TRC 5992, 94 TRC 6215, 95 TRC 0286, 95 TRC 0290, 94 TRC 6868 and 94 TRC 6870.

Decided March 6, 1995.

*David Phillips*, Assistant Prosecuting Attorney, *Jeffrey Evans*, Richwood Village Solicitor, and *Michael Grigsby*, Marysville City Law Director, for plaintiff.

*John W. Dailey, Jr., John Cannizzaro, Ronald Janes* and *Don Fraser* for defendants.

KEVIN PELANDA, Judge.

These matters came before the court on February 15, 1995 on motions by defendants seeking dismissal of driving under the influence charges. Defendants assert that the Double Jeopardy Clauses of the Fifth Amendment and the Ohio Constitution preclude prosecution of the traffic charge due to the administrative suspension of their drivers' licenses imposed by the arresting officer shortly following their arrest. For the reasons herein below set forth, defendants' motions must be overruled.

At the hearing, the parties stipulated and agreed that each of these cases involves charges of operating a vehicle while under the influence of alcohol ("O.M.V.I.") under R.C. 4511.19, or a substantially similar municipal ordinance. Further, the parties stipulated that in each case the defendant's operator's license was summarily suspended by the arresting officer upon each defendant's respective refusal to consent to a chemical test under R.C. 4511.191, which incorporates the so-called Administrative License Suspension law of Ohio ("A.L.S.").

Defendants allege that the A.L.S. constitutes a penalty or punishment within the context of the Double Jeopardy Clause. They argue that the criminal

prosecutions on the underlying traffic charge seek unconstitutionally to impose additional penalties in a proceeding separate from the A.L.S.

■ The Fifth Amendment of the federal Constitution applies to the states through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. The Ohio Supreme Court has determined that the Double Jeopardy Clause of the Ohio Constitution is equivalent in scope and effect to the federal clause. *State v. Thomas* (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897.

■ These double jeopardy provisions prohibit three distinct but related actions:

(1) A second prosecution for the same offense after acquittal. See *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *Heath v. Alabama* (1985), 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387;

(2) A second prosecution for the same offense after conviction. See *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425;

(3) Multiple punishments in different proceedings for the same offense. See *North Carolina v. Pearce, supra.*

The third of these actions is at issue in the cases at bar.[1]

In both *Montana Dept. of Revenue v. Kurth Ranch* (1994), 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767, and *United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487, the government sought imposition of civil sanctions or taxes after successful criminal prosecutions. In the O.M.V.I. cases at bar, the state is pursuing criminal prosecutions after the civil A.L.S. sanctions have already been imposed. One court has suggested that the order in which the civil and criminal proceedings are prosecuted and the punishments/sanctions imposed may affect applicability of the Double Jeopardy Clause. *United States v. Newby* (C.A.3, 1993), 11 F.3d 1143. However, if the Fifth Amendment truly proscribes both multiple prosecutions and multiple punishments, the order of the proceedings should not matter. See *Kurth Ranch, supra,* at ——, 114 S.Ct. at 1955–1960, 128 L.Ed.2d at 789–796.

It is difficult to characterize the A.L.S. as a "proceeding" at all. The sanction, loss of driving privileges, is accomplished with the stroke of a law enforcement

---

1. Justices Scalia and Thomas assert in a strongly worded dissent that the Fifth Amendment proscribes only multiple prosecutions, not mere multiple punishments. *Montana Dept. of Revenue v. Kurth Ranch* (1994), 511 U.S. ——, ——, 114 S.Ct. 767, 1955–1960, 128 L.Ed.2d 767, 789–796. However, until the *"Halper* genie [is put] back in the bottle" (*Kurth Ranch,* at ——, 114 S.Ct. at 1959, 128 L.Ed.2d at 794–795), the proscription against multiple punishments remains the law of the land. See, also, *United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487.

officer's pen within minutes of arresting the suspected drinking driver—no notice, no hearing. The only "proceeding" is the appeal which occurs after the fact, and during which driving privileges remain suspended. Gone are the troublesome requirements of prior notice and opportunity to be heard. With supreme efficiency, the execution is over before the trial even begins.[2]

Assuming that the A.L.S. is a proceeding, the Third District Court of Appeals has already declared it to be a "separate proceeding." *Ohio Bur. of Motor Vehicles v. Williams* (1994), 97 Ohio App.3d 779, 647 N.E.2d 562. Inasmuch as the A.L.S. is complete before the traffic prosecution even begins, no other conclusion is possible.

There is no question that prosecution of the traffic charge is a criminal proceeding which places the defendant in jeopardy of criminal penalties. The difficult question is whether the antecedent A.L.S. constitutes a "penalty" within the context of the Double Jeopardy Clause. If it is a "penalty," then one must establish whether it penalizes the same conduct, or the same elements, sought to be sanctioned by the criminal case. See *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *United States v. Dixon* (1993), —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556.

In cases where the defendant has refused to consent to a chemical test, ("refusal"), the double jeopardy issue is not as troublesome as those where the A.L.S. is imposed because the driver "tests" over the legal limit. If the A.L.S. is not a "penalty," then the Double Jeopardy Clause has no application to the subsequent traffic prosecution. If it is a "penalty," this court finds that it sanctions the refusal itself, not the conduct for which the defendant is being prosecuted in the subsequent pending traffic cases.

Prior to Ohio's A.L.S. law, Ohio's implied consent statute provided for a fixed license suspension whenever a drinking-driver suspect refused to consent to a chemical test to determine blood-alcohol concentration. See R.C. 4511.191, eff. 1968 to 1993. This does not punish the driver for driving under the influence; it punishes the driver for denying the prosecution use of the valuable chemical test in the traffic case.

---

2. This court has seen the power to impose immediate license suspensions often abused. R.C. 4511.191 provides for immediate license suspensions only if the drinking driver "tests" over the legal limit or refuses to consent to a test. Many officers are routinely imposing the A.L.S. immediately upon drawing blood or urine specimens even though chemical analysis will not be done for weeks. The driver has neither refused nor tested over the limit at this juncture.

In some of these cases, when the chemical test was finally completed, the test proved that the driver was not drinking at all. Manifestly, no loss of driving privileges was warranted. However, by the time the A.L.S. appeal can be completed, or the test results returned weeks later, the driver has suffered a substantial loss of privileges without cause or redress.

The Ohio Supreme Court has long recognized the statutory right of drinking drivers to refuse the consent to a test. The court has also recognized that such a refusal does not go *unpunished.* See, *e.g.,* R.C. 4511.191(C), (D) and (E); *Maumee v. Anistik* (1994), 69 Ohio St.3d 339, 342, 632 N.E.2d 497, 500.

If the refusal-induced A.L.S. punishes a defendant's conduct, the double jeopardy issue is whether the elements of the subsequent O.M.V.I. offense are the "same elements" as were already punished by the A.L.S. The elements required to impose an A.L.S. pursuant to the statute in refusal cases are simple and few:

(1) operation;

(2) of a vehicle;

(3) on a highway;

(4) request to submit to a test after reading required advice; and

(5) refusal by the driver to submit to the designated test within the required time. See R.C. 4511.191.

The elements of the O.M.V.I. charge include:

(1) operation

(2) of a vehicle

(3) while under the influence of alcohol. See R.C. 4511.19.

Manifestly, each of these situations requires proof of at least one element that the other does not. As such, the Double Jeopardy Clause may not be invoked against the traffic charge merely because an A.L.S. has been imposed to sanction the refusal. See *Blockburger v. United States, supra; United States v. Dixon, supra.*

If the A.L.S. is merely a remedial sanction, the Double Jeopardy Clause does not apply because there is no prior penalty. If, in fact, it is a penalty, it penalizes conduct separate from that sought to be punished in the subsequent O.M.V.I. prosecution. Again the Double Jeopardy Clause does not apply. In either case, the Double Jeopardy Clause is not a defense to an O.M.V.I. prosecution based solely upon prior imposition of an A.L.S. which results from refusal to consent to a chemical test.

Defendants' motions are overruled. These matters shall be set for pretrial plea/motion hearing within fourteen days, and for jury trial within seven days thereafter.

*So ordered.*