THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD M. O'CONNOR, Defendant-Appellant.

Second District   No. 2—99—0114

Opinion filed May 1, 2000.

John F. Donahue and Glenn M. Sowa, both of Law Offices of Donahue, Sowa & Bugos, of Geneva, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Linda S. Kagan, of Chicago, for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Richard M. O'Connor, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1) (West 1998)) and improper lane usage (625 ILCS 5/11—709(a) (West 1998)). Before

trial, defendant filed a petition to rescind the statutory summary suspension of his driver's license, arguing that the breathalyzer used to measure his blood-alcohol concentration was improperly certified. The trial court denied defendant's petition and a subsequent motion to suppress the breathalyzer evidence. Following a stipulated bench trial, defendant was sentenced to one year's conditional discharge. Defendant's notice of appeal indicates that the order appealed from was entered December 28, 1998, and resulted in convictions for improper lane usage and DUI (blood-alcohol concentration 0.08 or more). Defendant's brief, on the other hand, addresses its arguments to the order entered September 30, 1998, that denied defendant's petition to rescind the statutory summary suspension of his license. We dismiss in part and affirm in part.

The State contends that we lack jurisdiction and defendant's appeal should be dismissed because defendant's notice of appeal indicated only that he was challenging his criminal convictions and failed to indicate that he was contesting the statutory summary suspension. The State argues that, because defendant did not challenge the order denying his petition to rescind the summary suspension in his notice of appeal, he has waived his right to appeal that order.

■ In both criminal and civil cases, a reviewing court has an independent duty to ensure that jurisdiction is proper. See *Department of Public Aid ex rel. K.W. v. Lekberg*, 295 Ill. App. 3d 1067, 1069 (1998); *People v. Sawyer*, 258 Ill. App. 3d 174, 177 (1994). Although the State describes the jurisdictional defect in terms of waiver, we have determined that this case presents a more fundamental jurisdictional question. The issue before us is whether a notice of appeal confers jurisdiction to review both an order denying a petition to rescind a summary suspension and a subsequent DUI conviction when the notice of appeal is filed within 30 days of the criminal conviction but more than 30 days after the order denying the petition to rescind.

Our research failed to uncover any case law in Illinois that squarely addresses this issue. However, we find that *Ohio Bureau of Motor Vehicles v. Williams*, 97 Ohio App. 3d 779, 647 N.E.2d 562 (1994), is instructive and directly addresses the jurisdictional issue raised by this appeal. In *Williams*, the defendant's driver's license was suspended because he refused to take a chemical test to determine his blood-alcohol level. *Williams*, 97 Ohio App. 3d at 780, 647 N.E.2d at 562. In December 1993 the defendant appealed the administrative license suspension in the trial court, and the trial court denied his appeal. *Williams*, 97 Ohio App. 3d at 780, 647 N.E.2d at 562. In May 1994 a jury found the defendant not guilty of DUI. *Williams*, 97 Ohio App. 3d at 780, 647 N.E.2d at 563. Thirty days after the jury's not

guilty verdict, the defendant filed a notice of appeal challenging the trial court's denial of his appeal of the administrative license suspension. *Williams*, 97 Ohio App. 3d at 780, 647 N.E.2d at 563.

The Ohio Court of Appeals concluded that it lacked jurisdiction to consider the administrative license suspension because the defendant's notice of appeal was untimely. *Williams*, 97 Ohio App. 3d at 781-82, 647 N.E.2d at 563. In reaching this conclusion, the court of appeals determined that the administrative suspension of a driver's license affected a substantial right and that the review of an administrative license suspension is an independent judicial proceeding, separate from the criminal charge of DUI. *Williams*, 97 Ohio App. 3d at 781, 647 N.E.2d at 563. The court of appeals held that, therefore, the trial court's order denying defendant's appeal of the administrative licence suspension was a final appealable order. *Williams*, 97 Ohio App. 3d at 781, 647 N.E.2d at 563. The court of appeals concluded that defendant was required to file his notice of appeal within 30 days of the trial court's order denying review of his suspension and that a notice of appeal filed at the conclusion of the criminal proceedings was untimely. *Williams*, 97 Ohio App. 3d at 781-82, 647 N.E.2d at 563.

■ We find that the *Williams* analysis remains valid when applied to the analogous provisions of Illinois appellate procedure. It is well established that statutory summary suspension hearings are civil in nature and, thus, they are separate and distinct from a criminal action for DUI. *People v. Lagowski*, 273 Ill. App. 3d 1012, 1013 (1995); see also *People v. Dvorak*, 276 Ill. App. 3d 544, 552 (1995). A suspension hearing is an administrative device to stop impaired drivers from driving, and, in contrast, a criminal action for DUI is designed to convict and punish a defendant for DUI. *Dvorak*, 276 Ill. App. 3d at 552. A trial court's decision to grant or deny a petition to rescind a suspension is a final order, because the Secretary of State may not act in a manner inconsistent with those findings. See *People v. Malloy*, 76 Ill. 2d 513, 518-19 (1979) (holding that a trial court's entry of findings in an implied-consent hearing is a final and appealable judgment). Therefore, because a trial court's order denying a petition to rescind a statutory summary suspension is a final order that disposes of a separate and distinct proceeding, such an order must be appealed within the 30-day time limit of Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)).

■ Defendant's notice of appeal was filed well outside the 30-day time limit. Therefore, we lack jurisdiction to consider the trial court's order denying his petition to rescind the summary suspension. However, defendant's notice of appeal was filed within 30 days of the trial court's final judgment in the criminal proceedings and confers ju-

risdiction on this court to review defendant's DUI and improper lane use convictions. See 134 Ill. 2d Rs. 606(a), (b).

We note, though, that defendant failed to file a posttrial motion. A defendant waives an allegation of error unless she or he both objects at trial and raises the issue in a posttrial motion. *People v. Kliner*, 185 Ill. 2d 81, 161 (1998). Furthermore, defendant's brief does not present any argument or analysis addressed to his convictions. While the waiver rule does not bind the court (*People v. Acevedo*, 275 Ill. App. 3d 420, 424 (1995)), this court is not required to research and argue issues on defendant's behalf (*People v. Laughlin*, 293 Ill. App. 3d 194, 197 (1997)). Accordingly, we find that defendant has waived any challenge he may have raised to his criminal convictions.

For these reasons, the portion of defendant's appeal challenging the trial court's ruling on his petition to rescind his statutory summary suspension is dismissed, and the judgment of the circuit court of Du Page County in defendant's criminal case is affirmed.

Dismissed in part and affirmed in part.

INGLIS and McLAREN, JJ., concur.