No. 2--04--1077

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Jo Daviess County.

)

Plaintiff-Appellee, )

)

v. ) No. 03--CF--134

)

JAMIE L. WILLOUGHBY, ) Honorable

) William A. Kelly,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Jamie L. Willoughby, appeals from his conviction of one count of possession with intent to deliver more than 2,000 grams but not more than 5,000 grams of marijuana (720 ILCS 550/5(f) (West 2002)).  He contends that the trial court erred in denying his motion to suppress evidence that the Hanover police obtained in a search of his apartment.  Because there was no disposition of defendant's motion for a new trial, we conclude that we lack jurisdiction to hear the appeal.

A grand jury indicted defendant on a single count of possession of marijuana with intent to deliver.  Early in the resulting proceedings, defendant moved to quash a warrant for the search of his apartment and to suppress the evidence resulting from the search.  The court denied the motion, and defendant agreed to a stipulated bench trial to preserve the issue.  The trial took place on April 22, 2004; the court found defendant guilty.  On May 19, 2004, defense counsel moved for a new trial, contending that the court had erred in denying the motion to suppress.  Defense counsel filed this motion without a notice of motion setting a hearing date.  Instead, the motion was accompanied by what appears to be a form certificate of service intended for use between the public defender's office and the State's Attorney's office.  (Defense counsel used the same form with the motion to suppress.)  On June 2, 2004, the court sentenced defendant to four years' imprisonment and fines.  Defendant filed his notice of appeal on June 10, 2004.  The parties agree that the court never disposed of the motion for a new trial, and the record confirms this.

On appeal, defendant argues that the trial court erred in denying his suppression motion.  The State suggests that he waived the issue, contending that, to preserve the issue, he was required to raise it in a posttrial motion.  Although defendant did raise the issue in his motion for a new trial, the State asserts that he abandoned the motion by failing to request a hearing on it.  Neither party contests whether this court has jurisdiction to consider the appeal.  Nevertheless, a reviewing court has an independent duty to ensure that it has jurisdiction to consider a case.  
People v. O'Connor
, 313 Ill. App. 3d 134, 135 (2000).  We therefore address whether the fact that the trial court never disposed of the motion for a new trial deprives us of jurisdiction.  We conclude that defendant's motion was a timely posttrial motion directed against the judgment and that he gave no affirmative indication that he abandoned it, other than by filing a notice of appeal.  Thus, defendant's notice of appeal was premature, and we lack jurisdiction.

Supreme Court Rule 606(b) states as follows:

"When a timely post-trial or post-sentencing motion directed against the judgment has been filed *** any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions shall have no effect and shall be stricken by the trial court.  ***  This rule applies whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed." 188 Ill. 2d R 606(b).

Thus, when there has been no disposition of a timely posttrial motion directed against the judgment, a notice of appeal does not vest the appellate court with jurisdiction.  
Cf.
 
People v. Rucker
, 346 Ill. App. 3d 873, 880-82 (2004)
 (holding that the appellate court had jurisdiction over an appeal despite the pendency of the defendant's motion only because the motion was not properly before the trial court).

Here, as defendant's motion for a new trial sought to set aside his conviction, it was clearly a posttrial motion directed against the judgment.  Further, section 116--1(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/116--1(b) (West 2002)) provides that a "
written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict.
"  Defendant filed his motion 26 days after the court found him guilty, so his motion was timely as well.

Although the trial court did not dispose of defendant's motion, the State contends that defendant abandoned it.  The State relies on our opinion in 
People v. Flynn
, 341 Ill. App. 3d 813 (2003), which contains language that might appear to support the State's contention.  However, 
Flynn
 ultimately demonstrates why the State's contention fails.

In 
Flynn
, we determined that the defendant had abandoned his posttrial motions, which he had filed prior to his sentencing hearing.  We first stated that "
it is the responsibility of the party filing a motion to request the trial judge to rule on it [citation], and 
when no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise [citations]
."  
Flynn
, 341 Ill. App. 3d at 821-22.  We went on to state that the defendant "never asked the trial court to rule on the motions at the sentencing hearing.  Instead, [the] defendant abandoned his posttrial motions, when, just six days after the trial court entered its sentencing order, he filed a notice of appeal."  
Flynn
, 341 Ill. App. 3d at 822.  Here, noting that defendant failed to request a hearing on his motion for a new trial, the State asserts that he similarly abandoned it.  We disagree.

In 
Chand v. Schlimme
, 138 Ill. 2d 469 (1990), the supreme court discussed abandonment of a posttrial motion in the context of the then-effective version of Supreme Court Rule 303(a)(2) (107 Ill. 2d R. 303(a)(2)), which, in its relevant portions, was almost identical to the present version of Rule 606(b).  Specifically, Rule 303(a)(2) stated:

"When a timely post-trial motion has been filed by any party *** a notice of appeal filed before the entry of the order disposing of the last pending post-trial motion shall have no effect and shall be withdrawn by the party who filed it ***.  This is so whether the timely post-trial motion was filed before or after the date on which the notice of appeal was filed."  107 Ill. 2d R. 303(a)(2).

In addressing the possible means of abandonment, the court stated:

"Rule 303 makes it clear that filing of a notice of appeal no longer acts as an abandonment by operation of law.  That is, *** a notice of appeal that is filed during the pendency of a post-trial motion *** has no effect.  A notice of appeal that has no effect, furthermore, cannot serve to abandon an otherwise effective post-trial motion ***."  
Chand
, 138 Ill. 2d at 478.

The court concluded: "We are not saying that a party may not abandon its post-trial motion, but to do so there must be a more affirmative indication of abandonment than the mere filing of a notice of appeal before the disposition of the post-trial motion."  
Chand
, 138 Ill. 2d at 480.

Given the similarity between Rule 303(a)(2) and Rule 606(b), we consider the supreme court's comments in 
Chand
 to be equally applicable here.  Under Rule 606(b), the filing of a notice of appeal does not abandon a timely posttrial motion directed against the judgment.  Further, as abandonment requires "a more affirmative indication *** than the mere filing of a notice of appeal" (
Chand
, 138 Ill. 2d at 480), 
the failure to procure a hearing on the motion, which is not an affirmative indication at all, does not suffice either.  Although we acknowledge the general presumption that a party filing a motion abandons the motion by failing to request a hearing and obtain a ruling, it simply does not apply here.
(footnote: 1)
 In 
Flynn
, we had no need to suggest otherwise.  Indeed, although we noted that the defendant filed a notice of appeal without procuring a hearing on his posttrial motions, we did so while extensively noting that he also gave more affirmative indications of his abandonment of his motions.  Prior to the sentencing hearing, the trial court reminded the defendant of his motions, and the defendant "responded that he 'won't really care [about the motions] after the sentencing' and that he wanted to 'get sentencing closure.' "  
Flynn
, 341 Ill. App. 3d at 822.  When the court brought the motions up again, the defendant reiterated that he wanted to be sentenced.  At sentencing, the State mentioned the motions, and the defendant responded that he wanted " 'to wait' " on them.  
Flynn
, 341 Ill. App. 3d at 822.  After sentencing, the State inquired about the status of the motions, and the court stated that the defendant was " 'hold[ing]' " the motions and had the choice of bringing them or not. 
 
Flynn
, 341 Ill. App. 3d at 822.  It was in this context that we determined that the defendant abandoned his motions when, instead of ever asking the trial court to rule on them, he filed a notice of appeal.  Although that conduct alone would not have constituted abandonment of the motions, the defendant's more affirmative indications that he would not pursue them established that abandonment had in fact occurred.

In this case, beyond the filing of the notice of appeal, the record contains no affirmative indication that defendant abandoned his motion for a new trial.  Thus, under Rule 606(b), his notice of appeal was ineffective, and we must dismiss his appeal for lack of jurisdiction.

Appeal dismissed.

GROMETER and KAPALA, JJ., concur.

FOOTNOTES
1:
At least for a 
postsentencing
 motion, some authority suggests that the failure to schedule a hearing on the motion can mean that the motion is not properly before the court.  Citing section 5--8--1(c) of the Unified Code of Corrections (730 ILCS 5/5--8--1(c) (West 1992)), which states that a motion to reduce a sentence is not timely unless it is filed "together with a notice of motion, which notice of motion shall set the motion on the court's calendar on a date certain within a reasonable time after the date of filing," a Fourth District panel in 
People v. Jennings
, 279 Ill. App. 3d 406, 413 (1996), held that the lack of a disposition of a motion to reduce a sentence that the defendant never scheduled for hearing did not invalidate the notice of appeal.  Section 5--8--1(c), by setting requirements for a postsentencing motion to be deemed timely, limits which motions trigger the provisions of Rule 606(b).  No such statute exists for posttrial motions.