2020 IL App (1st) 180449-U

No. 1-18-0449

Order filed September 4, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 131501887 |
| | ) | |
| RAFAEL GRULLON, | ) | Honorable |
| | ) | Edward John King, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal is dismissed where the record on appeal does not show the trial court ruled on a timely posttrial motion and therefore defendant's notice of appeal is premature.

¶ 2    Following a bench trial, defendant Rafael Grullon was found guilty of resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2012)) and sentenced to 12 months of conditional discharge. On appeal, defendant contends that the trial court improperly denied his

motion for a new trial as untimely when it was in fact timely filed, and that the record does not show that he validly waived his right to a jury trial. We dismiss.

¶ 3    The record on appeal does not contain a report of the trial court proceedings. However, the following facts can be gleaned from the limited common law record, which includes the misdemeanor complaint, the half-sheet, the trial court's electronic docket, and defendant's motion for a new trial.

¶ 4    Defendant was charged with resisting or obstructing a peace officer in that on January 4, 2013, he knowingly resisted or obstructed the performance of one known to him to be a peace officer when he refused to follow an officer's verbal commands while being placed in custody.

¶ 5    On December 1, 2015, the trial court denied defendant's motion to quash arrest.[1] The cause proceeded to trial, where defendant was represented by private counsel. On November 10, 2016, the trial court found defendant guilty of resisting or obstructing a peace officer, and sentenced him to 12 months of conditional discharge.

¶ 6    On Monday, December 12, 2016, defendant, through new private counsel, filed a motion for a new trial or a reconsideration of the trial court's denial of the motion to quash arrest. The motion alleged defendant was unable to understand the proceedings or meaningfully direct his attorney when he waived his right to a jury trial, to testify, and to present the testimony of his daughter. The motion further alleged that defendant was denied effective assistance when trial counsel failed to (1) advise defendant that he had the absolute right to testify, (2) tell defendant that counsel did not plan to present defendant's daughter at trial, and (3) insist that defendant be afforded a Spanish interpreter.

---

[1] The motion to quash arrest is not included in the record on appeal.

¶ 7    The cause was continued multiple times. The electronic docket entry for January 23, 2018, states, "continuance by agreement," and the half-sheet for that date indicates that defendant and his attorney were present in court. The record on appeal does not contain any further written orders for January 23, 2018, nor any other indication that the trial court ruled on defendant's motion for a new trial.

¶ 8    On February 22, 2019, defendant filed a notice of appeal from the trial court's November 10, 2016 finding of guilty and January 23, 2018 order that "denied" his motion for a new trial.

¶ 9    On appeal, defendant first contends that the trial court erred by denying his motion for a new trial as untimely. He argues that although the trial court accepted the State's argument at the hearing that the motion was untimely because defendant was found guilty on October 3, 2016, he was actually found guilty and sentenced on November 10, 2016, and the motion was therefore timely.

¶ 10    Before reaching the merits of defendant's contentions on appeal, we must consider our jurisdiction. "A reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 11    An appellate court's jurisdiction is limited to appeals from final judgments. See, *e.g.*, *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. This limit is established by the Illinois Constitution. Ill. Const. 1970, art. VI, § 6 (providing that appeals "from final judgments of a Circuit Court are a matter of right to the Appellate Court"). The principle is further codified by Supreme Court Rule 606(b) (eff. July 1, 2017), which provides that, with certain exceptions, a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from or if a motion directed

against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

¶ 12    In the case at bar, although defendant represents that the trial court denied his motion for a new trial on January 23, 2018, the record on appeal does not contain an order entered on that date. The electronic docket entry for January 23, 2018 states, "continuance by agreement" and the half-sheet merely indicates that defendant and his attorney were present in court. There is no indication in the record on appeal that the trial court ruled on defendant's motion for a new trial on January 23, 2018, or on any date thereafter. Because the record on appeal does not contain the trial court's ruling on defendant's timely filed motion for a new trial, the notice of appeal was premature, and this court lacks jurisdiction over his appeal. Ill. S. Ct. R. 606(b) (eff. July 1, 2017) ("[w]hen a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, *** any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect"); see also *People v. Willoughby*, 362 Ill. App. 3d 480, 482 (2005) ("when there has been no disposition of a timely posttrial motion directed against the judgment, a notice of appeal does not vest the appellate court with jurisdiction").

¶ 13    Although defendant's brief on appeal discusses the January 23, 2018 hearing at which he asserts the trial court denied his motion for a new trial, the record on appeal does not contain a report of proceedings for that date or an acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). On appeal, the appellant, in this case defendant, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This is because, in order to determine whether there actually was an error, a reviewing court must have a record before

it to review. *Id.* Without a report of proceedings or an acceptable substitute, we are unable to determine whether defendant's assertion that the trial court denied the motion for a new trial on January 23, 2018 is correct.

¶ 14    As the record on appeal does not contain the trial court's ruling on defendant's timely filed motion for a new trial, his notice of appeal was premature, and the instant appeal must be dismissed. See Ill. S. Ct. R. 606(b) (eff. July 1, 2017); *Willoughby*, 362 Ill. App. 3d at 482. Consequently, we do not reach the merits of defendant's jury waiver challenge.

¶ 15    For the forgoing reasons, we dismiss this appeal.

¶ 16    Appeal dismissed.