2021 IL App (1st) 191083-U

No. 1-19-1083

Order filed September 21, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 1656 |
| | ) | |
| DANIEL MARTINEZ, | ) | Honorable |
| | ) | Maura Slattery Boyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal is dismissed where the record on appeal does not show the trial court ruled on his timely posttrial motion.

¶ 2    Following a bench trial, defendant Daniel Martinez was found guilty of two counts of aggravated unlawful use of a weapon (AUUW). The trial court merged the counts and sentenced defendant to two years' imprisonment. On appeal, defendant argues the trial court erred in denying

his motion to quash arrest and suppress evidence where the arresting officer's testimony failed to establish probable cause. We dismiss.

¶ 3    Defendant was charged by information with four counts of AUUW, including count I predicated on lacking a Firearm Owners Identification (FOID) card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2014)) and count II predicated on being under 21 years of age when he possessed the weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2014)).

¶ 4    Prior to trial, defendant filed a motion to quash arrest and suppress evidence, alleging, *inter alia*, that his conduct in holding a beer on a sidewalk did not provide the arresting officers with probable cause that he had committed or was about to commit a crime, or reasonable suspicion that criminal activity was occurring and he was armed and dangerous. At a hearing, defendant called his ex-girlfriend Kendall Hanen, who testified that around 11:45 p.m. on December 20, 2013, they were sitting on defendant's porch when police officers arrived. The officers grabbed defendant, whose hands were empty, and recovered a firearm from his coat. The State called Chicago police officer Ricardo Gonzalez, who testified that he observed defendant on the sidewalk, holding a beer bottle that contained "some fluid." Gonzalez announced his office and ordered defendant to stop, but defendant climbed the porch stairs with his hand in his pocket. Gonzalez grabbed defendant and recovered a firearm from the pocket. The trial court denied defendant's motion.

¶ 5    The State proceeded to trial on counts I and II for AUUW. Gonzalez testified consistently with his evidence at the suppression hearing, adding that during processing, he learned defendant was under 21 years old. The State entered a stipulation that defendant had not been issued a valid

FOID card on the date of his arrest. The trial court found defendant guilty on both counts on April 4, 2017.

¶ 6     On May 2, 2017, defendant filed a posttrial motion asserting the trial court erred in denying his motion to quash arrest and suppress evidence and that he was not proven guilty beyond a reasonable doubt. The report of proceedings lacks a transcript for May 2, 2017, but the half-sheet, criminal disposition sheet, and a typed order entered that day reflect that proceedings were continued to May 15, 2017. On May 15, 2017, the parties did not discuss defendant's motion and the proceedings were continued again to June 19, 2017.

¶ 7     On June 19, 2017, defense counsel requested the court delay sentencing so defendant could remain in Cook County jail pending trial in another case. The half-sheet, criminal disposition sheet, and a typed order entered that day do not mention defendant's motion for new trial.

¶ 8     The cause was repeatedly continued until April 4, 2019, when the trial court held a sentencing hearing. The electronic docket for that date includes an entry stating, "MOTION DEFENDANT—NEW TRIAL." The transcript of proceedings, half-sheet, and criminal disposition sheet for April 4, 2019, however, lack any reference to the motion for new trial.

¶ 9     During the hearing, the trial court merged count II into count I and sentenced defendant to two years' imprisonment. Defendant's oral motion to reconsider sentence was denied. On April 29, 2019, defendant filed a notice of appeal.

¶ 10     On appeal, defendant argues the trial court erred in denying his motion to suppress where evidence that a police officer observed him holding a beer bottle on a sidewalk failed to establish probable cause. Before reaching the merits of defendant's contentions, however, we must consider our jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) ("A reviewing court has an

independent duty to consider issues of jurisdiction, regardless of whether either party has raised them.").

¶ 11     The Illinois Constitution limits an appellate court's jurisdiction to appeals from "final judgments." Ill. Const. 1970, art. VI, § 6; see, *e.g.*, *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. This principle is further codified by Illinois Supreme Court Rule 606(b) (eff. July 1, 2017), which provides that, in criminal cases, a notice of appeal generally must be filed "within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." The rule further provides that "[w]hen a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, *** any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect." Ill. S. Ct. R. 606(b) (eff. July 1, 2017).

¶ 12     In this case, defendant filed a timely posttrial motion on May 2, 2017, but there is no indication in the record on appeal that the trial court ruled on this motion. Instead, after defendant filed the motion, the proceedings were repeatedly continued until April 4, 2019. While the electronic docket entry for April 4, 2019, states "MOTION DEFENDANT—NEW TRIAL," there is no indication in the report of proceedings, half-sheet, or criminal disposition sheet for that date that the court ruled on defendant's May 2, 2017 motion. Consequently, the notice of appeal was premature, and this court lacks jurisdiction. See Ill. S. Ct. R. 606(b) (eff. July 1, 2017).

¶ 13     *People v. Willoughby*, 362 Ill. App. 3d 480 (2005), is instructive. In *Willoughby*, the defendant was found guilty of possession of marijuana with intent to deliver. *Willoughby*, 362 Ill. App. 3d at 481. The defendant timely moved for a new trial, but did not file a notice of motion

setting a hearing date. *Id.* The trial court never disposed of the defendant's posttrial motion. *Id.* Instead, following a hearing, the trial court sentenced the defendant to four years' imprisonment, and he filed a timely notice of appeal. *Id.* We determined that the defendant's notice of appeal was premature and did not vest this court with jurisdiction where the motion for a new trial had not been resolved, and "beyond the filing of the notice of appeal, the record contain[ed] no affirmative indication that [the] defendant abandoned his motion for a new trial." *Id.* at 484-85 ("the failure to procure a hearing on the motion, which is not an affirmative indication at all, does not suffice" to demonstrate abandonment).

¶ 14 Similarly to *Willoughby*, here defendant filed a timely posttrial motion, which according to the record on appeal, was neither abandoned nor ruled upon. Thus, under Supreme Court Rule 606(b), we lack jurisdiction and must dismiss this appeal. See *id.*

¶ 15 For the foregoing reasons, we dismiss this appeal.

¶ 16 Appeal dismissed.