2024 IL App (1st) 220672-U

No. 1-22-0672

Second Division
March 5, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| | ) | Appeal from the |
| THE PEOPLE OF THE STATE OF | ) | Circuit Court of |
| ILLINOIS, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 14 CR 1656 |
| v. | ) | |
| | ) | |
| ARTHUR WALKER, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant's appeal is dismissed for this court's lack of jurisdiction as a posttrial motion remains pending in the trial court.

¶ 2     Following a jury trial, defendant-appellant Arthur Walker, who was 22 years old at the time of the offense, was found guilty of first degree murder, as well as personally discharging a firearm during commission of the offense, and sentenced to 40 years' imprisonment. On appeal, defendant argues that: (1) trial counsel provided ineffective assistance of counsel by failing to

impeach a witness with prior inconsistent statements; (2) the trial court committed reversible error in failing to ensure that jurors would not hold defendant's decision not to testify against him; and (3) his 40-year sentence violates the proportionate penalties clause of the Illinois Constitution. For the reasons that follow, we dismiss this appeal.

¶ 3                                    I. BACKGROUND

¶ 4     Because we ultimately dismiss this appeal for lack of jurisdiction, we provide an abbreviated summary of the procedural history.

¶ 5     Following a 2014 shooting that resulted in the death of Martrell Ross and injury to Credell Bowdry, defendant, along with codefendants Deandre Hughes, Javon Almond, and Bianca Young, was charged by indictment with several counts of first degree murder and attempted first degree murder. Several of these counts alleged a 20-year enhancement for personally discharging a firearm.

¶ 6     Defendant and codefendant Hughes were tried in simultaneous but severed trials with separate juries. The jury found defendant guilty of first degree murder and acquitted him of attempted first degree murder. It also found that defendant personally discharged a firearm in commission of the murder.

¶ 7     After the trial, defendant hired new counsel, who filed a motion for a new trial and an amended motion for a new trial. In the amended motion, defendant argued that trial counsel was ineffective for several reasons, including that he failed to impeach a witness with her prior statement that she did not see any guns that night. On May 5, 2022, the trial court denied defendant's motion for a new trial.

¶ 8     Also on May 5, 2022, the court held the sentencing hearing. Defendant's presentence investigation report was submitted to the court. Defendant's criminal history consisted of a 2008

conviction for possession of a stolen motor vehicle and five misdemeanor convictions for possession of cannabis, two for criminal trespass to vehicle, two for driving on a suspended or revoked license, and one for soliciting unlawful business. The State also introduced a statement from Ross's mother.

¶ 9 Defense counsel agreed that the sentencing range would typically be 40 to 80 years in prison but asserted that the use of the firearm enhancement violated the proportionate penalties clause because defendant was 22 years old at the time of the offense. Defense counsel also introduced letters from nine family members.

¶ 10 After hearing the parties' arguments, the trial court sentenced defendant to 40 years' imprisonment, and specifically noted that defendant was sentenced to 20 years for first degree murder and an additional 20 years for personally discharging a firearm that proximately caused the victim's death. The court then advised defendant of his appeal rights and, upon defense counsel's request, appointed the State Appellate Defender to represent defendant on appeal. Defense counsel further stated that it would be filing a motion to reconsider the sentence, which was filed later that same day. The court acknowledged defendant's motion to reconsider his sentence and stated:

> "I will consider your motion to reconsider sentence timely filed. It is actually part of your presentencing application, but you are also making a formal motion to reconsider sentence. I will consider that as timely filed before the notice of appeal. I want that issue preserved myself. *** If at some point the appellate court says that actually there is discretion to be considered, perhaps another look at this case may be merited down the road."

¶ 11 This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13    Although neither party contests this court's jurisdiction to consider the appeal, this court has an independent duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). We therefore must first consider whether we have jurisdiction over this appeal. Specifically, we must determine whether the trial court disposed of the motion to reconsider defendant's sentence, and if not, whether that deprives this court of jurisdiction.

¶ 14    Rule 606(b) (eff. Dec. 7, 2023) provides, in relevant part, as follows:

"When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b).

¶ 15    Effectively, "when there has been no disposition of a timely posttrial motion directed against the judgment, a notice of appeal does not vest the appellate court with jurisdiction." *People v. Willoughby*, 362 Ill. App. 3d 480, 482 (2005).

¶ 16    Here, defendant timely filed a motion to reconsider his sentence, which is a postjudgment motion. See *People v. Everage*, 303 Ill. App. 3d 1082, 1085 (1999) (stating a motion to reconsider sentence is a motion that is directed against the judgment). The motion was made both in writing and orally before the court. Our review of the record does not reveal any ruling by the trial court on this motion. The electronic docket entry only shows a motion to reconsider was filed on May 5, 2022, and the half-sheet from the day of the sentencing hearing reflects defendant's sentence, that a notice of appeal was filed, and the State Appellate Defender was appointed to represent defendant on appeal. The motion to reconsider was not mentioned. The transcript from the end of the sentencing hearing, as relevant here, reflects the following:

"THE COURT: Are you going to handle the appeal, Ms. Blagg[?]

DEFENSE COUNSEL: We are going to ask that the [S]tate [A]ppellate [D]efender be appointed.

THE COURT: I will appoint the [S]tate [A]ppellate [D]efender. Are you going to file the notice today?

DEFENSE COUNSEL: Yes.

THE COURT: Notice of appeal will be filed. I will appoint the [S]tate [A]ppellate [D]efender.

***

DEFENSE COUNSEL: Your Honor, I ask that the mitigation evidence be taken into consideration of the proportionate penalties argument we made beforehand, and also I will be filing a motion to reconsider sentence.

THE COURT: I will consider your motion to reconsider sentence timely filed. It is actually part of your presentencing application, but you are also making a formal motion to reconsider. I will consider that as timely filed before the notice of appeal. I want that issue preserved myself.

DEFENSE COUNSEL: Thank you.

THE COURT: If at some point the appellate court says that actually there is discretion to be considered, perhaps another look at this case may be merited down the road."

¶ 17    In his brief, defendant asserts that the trial court "impliedly" denied the motion, and the State, in its brief, simply does not mention a ruling on the motion, and only quotes the trial court's final statements. Neither party directs this court to any point in the record where the trial court

expressly denied the motion. We reject defendant's assertion that the trial court denied the motion, as the court never stated such and did not enter a written order denying it. Moreover, we cannot agree that there was an implicit denial. To do so would set an improper precedent that a trial court does not need to expressly rule on a motion. We conclude that there is a pending postjudgment motion before the circuit court that deprives this court of jurisdiction. Further, despite the trial court's clear attempt to ensure the effectiveness of the notice of appeal by deeming the motion to reconsider timely filed prior to the notice of appeal, the court's failure to rule on the pending motion nonetheless nullified the notice of appeal. See Ill. S. Ct. R. 606(b).

¶ 18 We recognize that, generally, "a party filing a motion is responsible for obtaining a ruling from the trial court on the motion," and "if no ruling is obtained, the motion is presumed to have been abandoned or waived by the movant, unless circumstances indicate otherwise." *People v. Brusaw*, 2023 IL 128474, ¶ 17. However, where a postjudgment motion is at issue, abandonment of a pending motion requires more than filing a notice of appeal before the disposition of a postjudgment motion; rather, an affirmative indication of abandonment is necessary. See *Chand v. Schlimme*, 138 Ill. 2d 469, 480 (2005). Here, nothing further occurred before the court following the court's acknowledgement of defendant's timely filed motion to reconsider sentence and it's statement that it wanted an issue preserved, and defendant seemed to have no further opportunity to request a ruling on the motion. See *People v. Willoughby*, 362 Ill. App. 3d 480, 484-85 (2005) ("the failure to procure a hearing on the motion, which is not an affirmative indication at all, does not suffice to demonstrate abandonment"). Nothing in defendant's brief indicates an intent to abandon the motion; rather, his arguments on appeal regarding his sentence make clear that he was seeking preservation of issues raised related to his sentence. Thus, under the circumstances before us, we do not find that defendant abandoned his motion to reconsider his sentence.

¶ 19    It appears to this court that the failure to expressly rule on the motion and defense counsel's failure to request an explicit ruling were inadvertent mistakes. Mistake or not, because the trial court has not disposed of the motion to reconsider defendant's sentence, we lack jurisdiction over this appeal.

¶ 20                                III. CONCLUSION

¶ 21    For the reasons stated, we dismiss this appeal.

¶ 22    Appeal dismissed.