(No. 32261.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRISON STEWART, Plaintiff in Error.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

HARRISON STEWART, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

By this writ of error we are asked to review the judgment of conviction entered in the criminal court of Cook County against Harrison Stewart, the plaintiff in error, after his trial before the court, for the crime of forcible rape. Stewart, who was sentenced to the penitentiary for life, appears *pro se* and presents only the common-law record for review. In urging reversal he contends: (1) That the trial court denied him a fair trial by refusing him sufficient time to prepare his defense; (2) that the court erred in refusing to hear and rule upon a written motion for new trial after his oral motion for new trial had been overruled; and (3) that the judgment of conviction resulted from prejudice of the trial court. We note that none of the errors assigned here were incorporated into the written motion for a new trial.

Recourse to the record discloses that on May 3, 1946, the indictment was returned against plaintiff in error into open court; that on May 7, 1946, the court appointed the public defender as counsel for plaintiff in error and continued the cause to May 14, 1946, with *subpoenas;* and that on May 14, plaintiff in error, by counsel, moved for a continuance on the ground that he had not had sufficient time to secure the names and addresses of four witnesses to testify to his presence in a tavern at the time the crime with which he was charged was committed. The cause was continued to May 16, 1946, at which time plaintiff in error appeared in court with his counsel, waived a jury, and submitted to trial without objection. Following a finding of guilty, an oral motion for a new trial was argued and overruled as was an oral motion in arrest of judgment. It further appears that the court granted leave to plaintiff in error to file his motion for new trial in writing on or before May 25, 1946, then entered judgment and sentence. A written motion was filed on May 24, 1946, but it does

not appear that there has been any hearing or ruling upon it, or that plaintiff in error sought such action.

We cannot say that the record lends support to the contention that the trial court erroneously refused to give plaintiff in error sufficient time to prepare his defense. The entries show that the one, and only, request for additional time was granted. It is true that the extension covered only forty-eight hours, but, for aught that appears in the record, that was all the time that was necessary to allow plaintiff in error to complete the elements of his defense set forth in the affidavit filed in support of his motion for continuance. It does not appear that additional delay was sought or refused, but only that plaintiff in error and his counsel proceeded to trial, after the continuance granted had expired, without further motion or objection. From such a showing it must be presumed that they were ready and desired an immediate trial. *People* v. *White,* 300 Ill. 239.

The contention that the trial court erroneously refused to rule upon the written motion for new trial is likewise refuted by the record. There is no showing that the court refused to act, but only that the motion was not passed upon. A motion is an application to the court, and the mere filing of it in the office of the clerk is not of itself a sufficient application. It must be brought to the attention of the court and the court asked to rule on it. (*People* v. *Hornaday,* 400 Ill. 361; *People* v. *Brickey,* 346 Ill. 273.) A motion not ruled on presents no question with reference thereto arising on review. (*People* v. *Hornaday,* 400 Ill. 361.) Since the court here did grant permission for the written motion for new trial after denying the oral motion for the same purpose, it must be presumed that plaintiff in error's rights under the written motion were preserved just as if a hearing had been conducted upon his motion. (See *People* v. *Moretti,* 330 Ill. 422.) The points raised in the motion cannot, however, in the absence of a bill of exceptions, have any relation to the errors here assigned.

Plaintiff in error's final contention is that the failure of the trial court to grant him more time to prepare his defense, and the failure to pass on the written motion for new trial, are indicative that his conviction resulted from prejudice of the trial court. As previously pointed out, the conditions shown by the record, and of which plaintiff in error complains, resulted from the latter's own inaction rather than from any abuse of discretion or refusal of the trial court. There is no merit to the contention.

The judgment of the criminal court of Cook County is affirmed.