**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190154-U

Order filed April 1, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0154 Circuit No. 17-CF-1812 |
| BRYAN N. BRUSAW, | ) ) ) | Honorable Sarah F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice O'Brien concurred in the judgment.
Justice Holdridge dissented.

_____

**ORDER**

¶ 1     *Held*:  The circuit court erred when it failed to rule on defendant's motion to substitute judge.

¶ 2     Defendant, Bryan N. Brusaw, appeals following his convictions for aggravated driving under the influence (DUI) and aggravated driving while license revoked.  He argues that the Will County circuit court's failure to rule upon his motion for substitution of judge warrants vacating his convictions and remand for a new trial.  He also contends that the court erred in imposing an

extended-term sentence on the lesser of the two offenses. We reverse and remand for further proceedings.

¶ 3                                               I. BACKGROUND

¶ 4        On September 6, 2017, the State charged defendant by criminal complaint with aggravated DUI (625 ILCS 5/11-501(a)(2), (d)(2)(E) (West 2016)) and aggravated driving while license revoked (*id.* § 6-303(a), (d-3)). The State filed the same charges in an indictment dated September 20, 2017. The indictment alleged that defendant had eight prior convictions for DUI and six prior convictions for driving while license revoked.

¶ 5        At defendant's first appearance, the court appointed an assistant public defender to represent him. Defendant was arraigned on September 29, 2017. At that hearing, the matter was assigned to the courtroom of Judge Sarah F. Jones, with a pretrial date scheduled for October 25, 2017.

¶ 6        On October 5, 2017, defendant filed, as a self-represented litigant, a motion for substitution of judge pursuant to section 114-5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-5(a) (West 2016)). In the motion, defendant expressed concern that he would not receive a fair and impartial trial if the cause was tried before Judge Jones, due to her prejudice against him. For reasons not made clear by the record, a hearing was held on October 11, 2017. Defendant was not present at the hearing. Defense counsel acknowledged that defendant had "filed his own motion," then requested that motion be continued to the previously scheduled hearing.

¶ 7        Defense counsel subsequently filed an emergency motion to advance the October 25 hearing to November. Defendant's motion for substitution of judge was not discussed at the hearing on that emergency motion, nor was it raised at the eventual November hearing. The matter proceeded to trial without the motion for substitution of judge ever having been raised again.

2

¶ 8         Following a bench trial on July 9, 2018, the court found defendant guilty of both charges. The court sentenced him to a term of nine years' imprisonment for aggravated DUI and a concurrent term of six years' imprisonment for aggravated driving while license revoked.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, defendant argues that the circuit court's failure to address his motion for substitution of judge requires vacating his convictions.

¶ 11        Section 114-5(a) of the Code states:

> "Within 10 days after a cause *** has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial.  Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion.  The defendant may name only one judge as prejudiced, pursuant to this subsection ***."  725 ILCS 5/114-5(a) (West 2016).

The plain language of the statute gives defendant "an absolute right to one substitution of judge based on nothing more than an uncontestable allegation of prejudice." *People v. Gold-Smith*, 2019 IL App (3d) 160665, ¶ 29.  The statute makes no provision for a hearing and requires the court to transfer the case to another judge upon receipt of defendant's motion.  *Id.*  A court commits reversible error if it erroneously denies a timely-filed motion for substitution of judge.  *People v. Tate*, 2016 IL App (1st) 140598, ¶ 19 (collecting cases).

¶ 12        Aside from the statutory limiting factors which are not at play in this case, the parties do not dispute that defendant filed a timely motion to substitute judge under section 114-5(a). Therefore, defendant had an absolute right to one substitution of judge.  Nevertheless, Judge

Jones did not "proceed no further" and transfer the cause to another judge. See 725 ILCS 5/114-5(a) (West 2016). Instead, she continued to preside over the case as if the motion had not been filed. Judge Jones's actions contravene the directive of section 114-5(a) and are erroneous.[1] See *Gold-Smith*, 2019 IL App (3d) 160665, ¶ 29; *Tate*, 2016 IL App (1st) 140598, ¶ 20.

¶ 13    The State argues that the court did not err because: (1) defendant abandoned and forfeited his motion to substitute judge, (2) he did not attempt to secure a ruling on the motion or raise the issue in his posttrial motion, and (3) defendant was barred from filing this motion as a self-represented litigant because he was represented by counsel at the time. We are unpersuaded by the State's arguments.

¶ 14    First, the plain language of section 114-5(a) of the Code establishes that the motion is not subject to the common abandonment principal that puts the onus on defendant to secure a ruling on his motion. See *People v. Stewart*, 412 Ill. 106, 108 (1952). The statute expressly states, "Upon the filing of such a motion the court shall proceed no further." 725 ILCS 5/114-5(a) (West 2016). This wording clearly directs a court to respond to the motion before it may proceed any further in the case. Notably, the statute does not provide for a hearing, but requires the court to transfer the case upon receipt of the motion. *Gold-Smith*, 2019 IL App (3d) 160665, ¶ 29. The statutory

---

[1] The dissent disagrees with this conclusion asserting that, despite the colloquial name of a section 114-5(a) motion as a motion for "automatic substitution," such a motion is not self-executing. To reach this conclusion, the dissent relies on *People v. Johnson*, 159 Ill. 2d 97, 123 (1994) (finding defendant abandoned his motion for substitution by failing to pursue it within a reasonable time after he filed it) and *People v Haywood*, 2016 IL App (1st) 133201, ¶ 25 (finding the mere act of filing a motion to substitute judge "does not constitute a sufficient application."). However, neither *Johnson* nor *Haywood* addressed a motion for substitution of judge filed under section 114-5(a) of the Code. Instead, they reviewed motions filed under section 114-5(d). Section 114-5(d) permits a substitution of judge for cause, and the statutory language of this section does not include the automatic execution phrasing found in section 114-5(a) —"Upon the filing of such a motion the court *shall proceed no further* in the cause *but shall transfer it* to another judge not named in the motion." (Emphases added.) 725 ILCS 5/114-5(a) (West 2016). It is this language that makes a motion filed under section 114-5(a) "automatic" and excepts it from the common rule that the movant bears the burden of obtaining a ruling on his motion.

wording protects the sanctity of the constitutional right to an impartial trial that underlies the need for such an automatic substitution. See *People v. Walker*, 119 Ill. 2d 465, 470 (1988) ("For the past 114 years, Illinois law has protected the constitutional right to a fair and impartial trial in criminal cases by providing for the substitution of a judge who is allegedly prejudiced against a defendant."). Any additional requirements to secure a ruling are beyond the scope of the statute and have the potential to infringe on a defendant's right to an impartial trial.

¶ 15    Second, we find that although defendant did not raise this issue in a posttrial motion, his forfeiture does not prevent our review. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appellate review, a defendant must both object to the issue at trial and raise it in a posttrial motion). However, "Forfeiture is a limitation on the parties, not the court." *People v. Custer*, 2019 IL 123339, ¶ 19. While the supreme court has cautioned that this exception to forfeiture is narrow, we find that it is applicable in this case where defendant raises an issue that directly implicates his constitutional right to an impartial trial. See *In re Br. M.*, 2021 IL 125969, ¶ 39.

¶ 16    In *Tate*, 2016 IL App (1st) 140598, the court considered "the improper denial of a defendant's motion for a substitution of judge" to be a "fundamental defect". *Id.* ¶ 19. Considering the importance of the right protected by a motion to substitute judge, honoring "defendant's procedural default would elevate form over substance." *Id.* ¶ 44. Therefore, we find forfeiture does not preclude our review.

¶ 17    Third, we find that defendant's filing at a time when he was represented by counsel did not prohibit Judge Jones from considering the motion to substitute judge. See *People v. James*, 362 Ill. App. 3d 1202, 1205 (2006) (a defendant cannot receive services of counsel and still file motions as a self-represented litigant). As we found in *Gold-Smith*, 2019 IL App (3d) 160665, ¶ 29,

5

defendant has an absolute right to one substitution of judge, and that "right belongs to the defendant, not to defense counsel." In effect, the right to seek a substitution of judge is personal to defendant, much like a defendant's right to decide whether to testify, or be represented by counsel. *People v. Corbett*, 387 Ill. 41, 43 (1944); *People v. Barrier*, 359 Ill. App. 3d 639, 642 (2005). Moreover, since this motion carries with it an implied accusation of judicial bias, it logically belongs to defendant.

¶ 18 In this case, defendant personally exercised his right to substitute judge, and the court's failure to immediately address defendant's motion functioned as a denial of the motion. Accordingly, we find that the court erred in failing to address defendant's motion to substitute judge.

¶ 19 Since our ruling moots defendant's sentencing issue, we need not reach it.

¶ 20                                         III. CONCLUSION

¶ 21 The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 22 Reversed and remanded.

¶ 23 JUSTICE HOLDRIDGE, dissenting:

¶ 24 I respectfully dissent from the majority's offering, as I would find that the defendant abandoned his motion.

¶ 25 The majority finds that "the plain language of section 114-5(a) of the Code establishes that the motion is not subject to the common abandonment principal that puts the onus on defendant to secure a ruling on his motion." *Supra* ¶ 14. I disagree. A motion for substitution of judge filed pursuant to section 114-5(a) is not self-executing. While such a motion is referred to colloquially as a motion for "automatic substitution," insofar as it does not require a defendant to prove

6

prejudice, the substitution is not *actually* automatic. *People v. Tate*, 2016 IL App (1st) 140598, ¶ 13. On the contrary, before such a motion is granted, the court must review the motion to ensure that (1) it was made within 10 days of placement of the case on the named judge's call, (2) only one judge is named in the motion, (3) the motion is in writing, (4) the motion makes a sufficient allegation of prejudice and the inability to receive a fair trial, and (5) the motion has been made before a substantive ruling in the case. *Id.*; 725 ILCS 5/114-5(a) (West 2016). Moreover, the statute expressly refers to a defendant's request for substitution as a "motion," which is defined as a "written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary (11th ed. 2019). A motion, by definition, requires a ruling from the court. Thus, neither in its plain language nor in its practical application can section 114-5(a) of the Code be characterized as self-executing.

¶ 26        Notably, in a similar case, our supreme court found that a defendant abandoned his motion for substitution of judge, stating:

> "The State contends that defendant waited too long to bring the motion to the attention of the court. We agree. Defendant abandoned his motion by failing to pursue it within a reasonable time after he filed it, in late July 1990. The trial did not begin until November 13, 1990, almost four months later, and defendant has provided no good reason why he could not have brought the motion to the attention of his counsel or the court at least by the time of trial." *People v. Johnson*, 159 Ill. 2d 97, 123 (1994).

The First District of our appellate court relied on this reasoning in *People v. Haywood*, 2016 IL App (1st) 133201, ¶ 25, in finding that a defendant had abandoned his motion for substitution of judge, stating:

7

"[A]lthough defendant's *pro se* motions were filed with the clerk, the mere act of filing in the clerk's office does not constitute a sufficient application. [Citation.] The party filing the motion has the responsibility 'to request the trial judge to rule on it, and when no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise.' "

¶ 27    I would apply *Johnson* and *Haywood*, here, and find that the defendant abandoned his motion for substitution of judge by failing to pursue a ruling on the motion.[2] It was the defendant's responsibility to ensure that the circuit court ruled on his motion. When a motion is not ruled upon, "the motion is presumed to have been abandoned absent circumstances indicating otherwise." *People v. Van Hee*, 305 Ill. App. 3d 333, 335 (1999). No such circumstances are present here; in fact, the defendant agrees that he made no efforts to procure a ruling on his motion.

¶ 28    Because I would find that the defendant abandoned his motion for substitution of judge, I would reach the merits of the defendant's sentencing argument. The court's sentence of six years' imprisonment for the Class 4 offense of aggravated driving while license revoked was an extended-term sentence. Because the defendant was also convicted of the Class X offense of aggravated DUI, an offense that arose from the same course of conduct, the imposition of an extended-term sentence on the lesser offense was improper. See *People v. Reese*, 2017 IL 120011, ¶ 83. The State concedes that the circuit court erred in imposing that sentence. I would, thus, reduce the

---

[2]While the majority notes that *Johnson* and *Haywood* concern section 114-5(d), instead of section 114-5(a), we find these cases to be equally applicable, here. This is especially so where neither the majority nor the defendant have been able to point to any caselaw directly on point. The case of *Gold-Smith*, 2019 IL App (3d) 160665, which the majority relies on, does not concern the situation where the defendant failed to seek a ruling on his motion.

defendant's sentence for aggravated driving while license revoked to three years' imprisonment, the maximum nonextended term for a Class 4 felony, as the defendant and the State agree that such remedy is appropriate. See Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967) (establishing that a reviewing court has authority to "reduce the punishment imposed by the trial court").