**2023 IL 128474**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 128474)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. BRYAN N. BRUSAW, Appellee.

*Opinion filed November 30, 2023.*

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, and Rochford concurred in the judgment and opinion.

Justice O'Brien took no part in the decision.

## OPINION

¶ 1     At issue in this appeal is whether a motion for substitution of judge brought pursuant to section 114-5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-5(a) (West 2016)) is subject to the common-law rule holding that, when a motion is filed in the trial court but never ruled upon, it is presumed to have

been abandoned or waived by the movant. The appellate court held that a motion brought pursuant to section 114-5(a) is not subject to the common-law rule. 2022 IL App (3d) 190154-U. For the reasons that follow, we reverse the judgment of the appellate court.

¶ 2                                                    BACKGROUND

¶ 3         On September 6, 2017, defendant Bryan N. Brusaw was charged in the circuit court of Will County with aggravated driving under the influence and aggravated driving while his license was revoked after a police officer discovered him passed out in the driver's seat of a parked van containing two open bottles of alcohol. Both charges were aggravated based on several prior convictions for similar conduct.

¶ 4         The same day he was charged, Brusaw requested a public defender, and one was appointed to represent him. The case was then assigned to Judge Sarah Jones, and a pretrial hearing date was set for October 25, 2017.

¶ 5         On October 5, 2017, Brusaw filed a *pro se* motion for substitution of Judge Jones pursuant to section 114-5(a) of the Code (725 ILCS 5/114-5(a) (West 2016)). This provision gives a defendant the right to an "automatic" substitution of a judge upon the timely filing of a proper written motion containing a good-faith allegation that the judge is prejudiced. *People v. Evans*, 209 Ill. 2d 194, 214-15 (2004).

¶ 6         On October 11, 2017, Brusaw's appointed attorney was present in Judge Jones's courtroom and asked to call Brusaw's case. Counsel explained to the judge that Brusaw had "filed his own motion" for substitution and that, because he had not written the words "in custody" on the motion, he had not been transported to the courthouse and was therefore not present. Counsel then asked that Brusaw's motion be continued to the previously scheduled hearing date of October 25. Judge Jones granted the continuance with no further discussion. The October 25 hearing was subsequently moved to November, and during that hearing, no mention was made of the motion for substitution. Thereafter, neither Brusaw nor his attorney brought the motion for substitution to Judge Jones's attention, and the judge never entered a ruling on the motion.

¶ 7        On May 29, 2018, Brusaw and his attorney appeared before Judge Jones to execute a jury waiver. Brusaw was fully admonished regarding his right to a jury trial, acknowledged that he had consulted with his attorney, and was asked if he wished "to submit this case to the Court as a bench trial and waiv[e] his right to a jury trial." Brusaw said that he did and signed a jury waiver. Brusaw's attorney informed the judge that a trial date had previously been set for June 25, 2018, and stated that they were prepared to go to trial "any time that week your honor is available."

¶ 8        A bench trial was subsequently held before Judge Jones, and Brusaw was found guilty of both charged offenses. Brusaw's appointed attorney filed a posttrial motion to reconsider the verdict, arguing that the State had failed to prove Brusaw's guilt beyond a reasonable doubt. That motion was denied. Brusaw also filed a *pro se* motion for a new trial. That motion was struck by Judge Jones as unauthorized because Brusaw was still represented by counsel at the time the motion was filed. Brusaw's appointed attorney then withdrew, and Brusaw retained private counsel. Brusaw's new attorney filed an amended posttrial motion that also was denied. None of the three posttrial motions filed before Judge Jones mentioned the motion for substitution of judge or the fact that a ruling had never been obtained on the motion.

¶ 9        Following a sentencing hearing, Judge Jones sentenced Brusaw to a nine-year prison term for aggravated driving under the influence and an extended, six-year prison term for aggravated driving while his license was revoked, with the sentences to run concurrently. Brusaw spoke in allocution during the sentencing hearing and mentioned, in passing, his *pro se* motion for a new trial that had been struck by Judge Jones. He did not mention the motion for substitution of judge.

¶ 10        Brusaw appealed, raising two arguments. First, Brusaw contended that his convictions should be vacated because no ruling was ever entered on the motion for substitution of judge. Second, he maintained that the extended-term sentence he received for driving while his license was revoked was unauthorized and should be reduced to the maximum, nonextended term.

¶ 11        With one justice dissenting, the appellate court agreed with Brusaw's first argument, reversed his convictions, and remanded the cause for further proceedings. 2022 IL App (3d) 190154-U. The appellate court acknowledged the

common-law rule holding that a motion that is not ruled upon by the trial court is presumed to have been abandoned or waived by the movant. The appellate court concluded, however, that the "plain language of section 114-5(a) of the Code" establishes that a motion for substitution brought pursuant to that provision "is not subject to the common abandonment principle that puts the onus on defendant to secure a ruling on his motion." *Id.* ¶ 14. Instead, according to the appellate court, when a section 114-5(a) motion is not ruled upon, that "function[s] as a denial of the motion." *Id.* ¶ 18.

¶ 12    Proceeding under the premise that the trial court had, in effect, "denied" Brusaw's motion for substitution, the appellate court then rejected the State's argument that the denial was proper because, at the time the motion was filed, Brusaw was represented by an attorney and the *pro se* motion was therefore unauthorized. *Id.* ¶ 17. The appellate court concluded that the right to substitution set forth in section 114-5(a) is "personal" to a defendant and thus exempt from the rule prohibiting a defendant from submitting *pro se* filings while represented by an attorney. *Id.* Therefore, according to the appellate court, that rule could not provide a basis for denying the substitution motion. *Id.*

¶ 13    The appellate court also rejected the State's argument that Brusaw had forfeited any objection to the "denial" of the substitution motion because the issue had not been raised in a posttrial motion. *Id.* ¶ 15. The appellate court reasoned that any forfeiture should be overlooked because the question of whether the substitution motion was erroneously denied by the trial court "directly implicate[d]" Brusaw's "constitutional right to an impartial trial." *Id.*

¶ 14    Having rejected the State's arguments, the appellate court concluded that the trial court committed reversible error when it, in effect, "denied" Brusaw's motion for substitution and failed to transfer the cause to another judge. *Id.* ¶¶ 11-12. Because the appellate court reversed Brusaw's convictions, it did not reach his argument concerning the alleged sentencing error. *Id.* ¶ 19.

¶ 15    We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021).

¶ 16                                    ANALYSIS

¶ 17         In general, a party filing a motion is responsible for obtaining a ruling from the trial court on the motion. *People v. Redd*, 173 Ill. 2d 1, 35 (1996); *People v. Schmitt*, 131 Ill. 2d 128, 137 (1989); *People v. Petrie*, 2021 IL App (2d) 190213, ¶ 25; *People v. Kelley*, 237 Ill. App. 3d 829, 831 (1992). A movant's " 'failure to obtain a ruling on a motion does not translate into a denial of the motion by the court.' " *People v. Daniels*, 2016 IL App (4th) 140131, ¶ 72 (quoting *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 432 (2007)). Rather, if no ruling is obtained, the motion is presumed to have been abandoned or waived[1] by the movant, unless circumstances indicate otherwise. *People v. Johnson*, 159 Ill. 2d 97, 123 (1994); *Petrie*, 2021 IL App (2d) 190213; *People v. Priest*, 345 Ill. App. 3d 660, 665 (2003); 60 C.J.S. *Motions* § 44 (August 2023 Update). Because a motion not ruled upon has been abandoned or waived, it presents "no question with reference thereto arising on review." *People v. Stewart*, 412 Ill. 106, 108 (1952). This rule of abandonment or waiver serves an important function by ensuring that a movant, who is fully aware of the motion that was filed, cannot remain silent in the trial court and then, on appeal, "take advantage of his failure to have [the] motion passed upon." *People v. Hornaday*, 400 Ill. 361, 365 (1948).

¶ 18         In this case, Brusaw's motion for substitution was brought to the trial court's attention but then, at defense counsel's request, was continued to a later date. During the subsequent proceedings, neither Brusaw nor his attorney ever mentioned the motion, and no ruling was ever obtained on it. In the absence of any ruling, we must presume that Brusaw abandoned or waived the motion. See *Redd*, 173 Ill. 2d at 35; *Johnson*, 159 Ill. 2d at 123; *Schmitt*, 131 Ill. 2d at 137; *Stewart*, 412 Ill. at 108.

¶ 19         Further, nothing of record negates this presumption. To the contrary, Brusaw and his attorney had multiple opportunities to bring the motion to the trial court's attention yet never did so. In particular, when Brusaw and his attorney appeared in

_____

[1] The term "waiver" rather than "forfeiture" is appropriate here because "[w]aiver is an intentional relinquishment or abandonment of a known right or privilege, while forfeiture is the failure to make the timely assertion of a right." *People v. Brown*, 2020 IL 125203, ¶ 25. A movant has knowledge of his or her own motion, and if no ruling is obtained on the motion, it is presumed to have been knowingly relinquished.

person to waive a jury trial, they said nothing about the motion for substitution but, instead, stated they were prepared to go to trial before Judge Jones—the very judge named in the motion. By their actions, both Brusaw and his attorney abandoned or waived the motion for substitution. See, *e.g.*, *People v. Davis*, 10 Ill. 2d 430, 434-35 (1957) (finding waiver under the predecessor statute to section 114-5(a) based on statements made to the trial court); *People v. Bach*, 74 Ill. App. 3d 893, 896 (1979) ("defendant's willingness to proceed to trial before a judge named in the motion for substitution constitutes a waiver"). Accordingly, in keeping with established case law, Brusaw would be foreclosed from raising any question regarding the motion for substitution on appeal. See *Stewart*, 412 Ill. at 108; *Hornaday*, 400 Ill. at 365.

¶ 20 Despite the foregoing, the appellate court nevertheless concluded that Brusaw could raise the motion for substitution of judge on appeal. The appellate court reached this result by finding that the common-law rule of abandonment or waiver is inapplicable to motions for substitution of judge brought pursuant to section 114-5(a). 2022 IL App (3d) 190154-U, ¶ 14. According to the appellate court, instead of resulting in abandonment or waiver by the movant, a trial court's failure to rule on a section 114-5(a) motion "function[s] as a denial of the motion." *Id.* ¶ 18.

¶ 21 In support of this conclusion, the appellate court pointed to the language of section 114-5(a). This provision states:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced." 725 ILCS 5/114-5(a) (West 2016).

¶ 22 The appellate court emphasized the sentence in section 114-5(a) that states " 'Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion.' " 2022 IL App (3d)

190154-U, ¶ 14 (quoting 725 ILCS 5/114-5(a) (West 2016)). The court read this sentence as meaning that a motion filed under section 114-5(a) is "self-executing" or "automatic" in that, upon the receipt of such a motion, a trial court's only task is to transfer the case to another judge. *Id.* And, according to the appellate court, because the trial court has nothing to rule on and is performing an essentially clerical function rather than a judicial one, the common-law rule of abandonment or waiver does not apply. *Id.* ¶ 12 n.1. We disagree.

¶ 23        Although motions brought pursuant to section 114-5(a) are often referred to as "automatic," the use of that term refers only to the fact that no inquiry is made into the truth of the allegation of prejudice made by the defendant. See *People ex rel. Baricevic v. Wharton*, 136 Ill. 2d 423, 430-31 (1990). It does not mean there are no judicial determinations that must be made before the case may be transferred.

¶ 24        As this court has made clear, before a section 114-5(a) motion may be granted and the case transferred, the following requirements must be met: (1) the motion must be made within 10 days after the defendant's case is placed on the judge's trial call; (2) the motion must name only one judge unless the defendant is charged with a Class X felony, in which case he may name two judges; (3) the motion must be in writing; (4) the motion must allege the trial judge is prejudiced against the defendant such that the defendant cannot receive a fair trial; and (5) the motion must be made before the trial judge makes any substantive ruling in the case. *Evans*, 209 Ill. 2d at 215 (citing *People v. McDuffee*, 187 Ill. 2d 481, 487-88 (1999)).

¶ 25        Reviewing these requirements is not simply a clerical function. For example, courts determine the timeliness of a section 114-5(a) motion by using the " 'charged with knowledge' " test. *McDuffee*, 187 Ill. 2d at 490. Under this test, a motion is deemed timely if it is filed within 10 days of when a defendant could be " 'charged with knowledge' " that the judge has been assigned to his or her case. *Id.* This determination is case specific and requires the trial court to conduct an individualized judicial examination of the record. *Id.* Similarly, whether a substantive ruling has been made prior to the section 114-5(a) motion being filed also requires a judicial examination of the record in each case. See, *e.g.*, *People v. King*, 2020 IL 123926, ¶ 31.

¶ 26        A section 114-5(a) motion requires judicial evaluation and a ruling from the trial court before it may be granted or denied. Because it is not a purely "automatic"

or "self-executing" action, such a motion cannot be exempt from the common-law rule of abandonment or waiver. See also, *e.g.*, *Harju v. Anderson*, 225 P. 1100, 1100-01 (Or. 1924) (concluding that the "mere filing" of a motion for substitution is insufficient to disqualify a judge when no request is made for a ruling on the motion).

¶ 27        Moreover, it would make little sense to exempt section 114-5(a) motions from the rule of abandonment or waiver. If the rule did not apply, a defendant could deliberately build error into the record by knowingly allowing the motion for substitution to remain unaddressed and then raising the absence of any ruling on the motion as a ground for reversal on appeal. The defendant could then be awarded a new trial on the basis that the judge who heard the case should not have done so, even if the defendant sought a trial before that same judge. We do not think the legislature intended such a result.

¶ 28        We hold that motions for substitution brought pursuant to section 114-5(a) are subject to the common-law rule of abandonment or waiver. Here, Brusaw never obtained a ruling on his motion for substitution, and nothing of record negates the presumption that the motion was abandoned or waived. Accordingly, "no question" (*Stewart*, 412 Ill. at 108) regarding the motion may be raised on review. The appellate court erred in holding to the contrary. We therefore reverse the judgment of the appellate court reversing Brusaw's convictions.

¶ 29        Because we hold that Brusaw abandoned or waived any issue regarding the motion for substitution, we do not reach the State's additional argument that, even if the absence of a ruling from the trial court is viewed as a "denial" of the motion, there was no error because the motion was an unauthorized, *pro se* filing. Nor do we reach the State's argument that any objection to the trial court's "denial" of the motion was forfeited.

¶ 30        Finally, Brusaw contends, as he did in the appellate court, that the trial court erred in imposing a six-year, extended-term sentence for his conviction of aggravated driving while his license was revoked. Brusaw notes that where, as here, a defendant is convicted of multiple offenses that are part of a continuing course of conduct, an extended-term sentence may be imposed only for those offenses that are within the most serious class. 730 ILCS 5/5-8-2(a) (West 2016); *People v. Reese*, 2017 IL 120011, ¶ 83; *People v. Jordan*, 103 Ill. 2d 192, 205-06 (1984).

¶ 31    In this case, Brusaw received an extended-term sentence of six years' imprisonment for the offense of aggravated driving while his license was revoked, a Class 4 felony (625 ILCS 5/6-303(d-3)(2) (West 2016)). He was also convicted, however, of aggravated driving under the influence, a Class X felony (*id.* § 11-501(a)(2), (d)(2)(E)). Brusaw contends, therefore, that his extended-term sentence for aggravated driving while his license was revoked was unauthorized and should be vacated and that the maximum nonextended term should instead be imposed. See *Reese*, 2017 IL 120011, ¶ 85.

¶ 32    The State, in response, concedes that error occurred. The State further agrees that the appropriate remedy is to vacate the extended-term sentence and impose the maximum nonextended term, which in this case is three years (730 ILCS 5/5-4.5-45(a) (West 2016)).

¶ 33    We agree with Brusaw and accept the State's concession of error. Accordingly, we vacate Brusaw's sentence for aggravated driving while his license was revoked and remand this cause to the trial court with directions to enter a sentence of three years' imprisonment for that offense. Brusaw's sentence for aggravated driving under the influence is affirmed.

¶ 34                                      CONCLUSION

¶ 35    For the foregoing reasons, the judgment of the appellate court is reversed. The judgment of the circuit court is affirmed in part and vacated in part. The cause is remanded to the circuit court with directions to enter a sentence of three years' imprisonment for Brusaw's conviction of aggravated driving while his license was revoked.

¶ 36    Appellate court judgment reversed.

¶ 37    Circuit court judgment affirmed in part and vacated in part.

¶ 38    Cause remanded with directions.

¶ 39    JUSTICE O'BRIEN took no part in the consideration or decision of this case.