2025 IL App (1st) 241708-U

No. 1-24-1708

Order filed November 7, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| EMMA WALL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, |
| | ) | Law Division. |
| v. | ) | |
| | ) | No. 2020L007740 |
| RONALD PAUL OLSON, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Daniel A. Trevino, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's judgment for plaintiff is affirmed, and plaintiff's request for sanctions is denied.

¶ 2    Defendant Ronald Olson, *pro se*, appeals the circuit court's judgment in favor of plaintiff Emma Wall entered after a bench trial for violations of the Gender Violence Act (740 ILCS 82/1 *et seq.* (West 2016)) and childhood sexual abuse. The issues on appeal are (1) whether the circuit court erred by entering judgment for plaintiff on count II of the complaint where plaintiff cited the relevant statute of limitations, which is not itself a cause of action, (2) whether the circuit court erred in denying defendant a new trial based on ineffective assistance of counsel because of trial

counsel's various alleged lapses in communication with defendant, and (3) whether the circuit court erred by not ruling on defendant's motion for a change of venue in light of inconsistencies between the complaint and the summons. Plaintiff in turn requests that this court impose sanctions against defendant for filing a frivolous appeal. For the following reasons, we affirm the judgment of the circuit court and deny plaintiff's request for sanctions.

¶ 3                                    I. BACKGROUND

¶ 4     In 2020, plaintiff Emma Wall filed a two-count complaint against defendant Ronald Olson in Cook County circuit court for gender-related violence (740 ILCS 82/10) and childhood sexual abuse. Plaintiff, born in 2000, alleged that in 2016, defendant groomed and sexually abused her. At the time, plaintiff lived with her mother in New Windsor, Illinois. She claimed defendant, her mother's boyfriend at the time, touched plaintiff inappropriately and sent her text messages asking for pictures of her body.

¶ 5     In November 2020, defendant's first attorney filed a motion for change of venue with an affidavit stating defendant lived in LaSalle County, not Cook County. He filed a second motion to transfer venue in January 2021. However, the circuit court never ruled on the motions. In April 2021, the circuit court entered an order of default against defendant. Soon thereafter, defendant's second attorney filed an appearance, and the default was set aside. Defendant then answered the complaint without renewing his objection to venue, and the parties proceeded to a bench trial.

¶ 6     There is no transcript from the bench trial. A court order states that the parties did not order a court reporter and agreed to admit a discovery deposition into evidence. The circuit court ultimately found that plaintiff met her burden on both counts and awarded damages. Defendant

filed a motion to reconsider or for a new trial, which the circuit court denied. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 7                                    II. ANALYSIS

¶ 8                  A. Failure to State a Claim for Childhood Sexual Abuse

*¶ 9*      Defendant argues that the circuit court erred by entering judgment in favor of plaintiff on count II of her complaint, which alleged childhood sexual abuse, because plaintiff cited the statute of limitations for childhood sexual abuse claims found in the Code of Civil Procedure. 735 ILCS 5/13-202.2 (a), (b) (West 2020) (defining childhood sexual abuse and setting a limitations period). Defendant contends that the statute of limitations "is not a legitimate substantive complaint which supports the judgment," and therefore "there can be no liability." Plaintiff, understanding defendant's argument as attacking the claim's timeliness, contends that plaintiff brought her complaint within the statute of limitations for childhood sexual abuse under the Code. In effect, defendant argues that plaintiff failed to state a claim as to count II where she premised her complaint on the statute of limitations and that the resulting judgment in favor of plaintiff cannot stand. We review the sufficiency of a complaint *de novo. In re Application for a Tax Deed*, 2021 IL 126150, ¶ 17.

¶ 10      Here, plaintiff labeled count II "childhood sexual abuse." Under that count, plaintiff alleged that, while plaintiff was a minor, defendant touched plaintiff's body, including her breasts and genitals, and requested nude photos from plaintiff. Plaintiff alleged that defendant owed a duty to plaintiff to refrain from activity that would foreseeably cause physical or emotional harm. Finally, plaintiff alleged psychological and emotional injuries that resulted from defendant's actions. Amid these allegations, plaintiff included that she brought the complaint "pursuant" to the relevant

statute of limitations. 735 ILCS 5/13-202.2. After a bench trial, the circuit court entered an order finding that plaintiff was a minor at all relevant times and that defendant "committed intentional acts on plaintiff resulting in offensive contact with plaintiff's person (including but not limited to touching her breast), holding her down, massaging her, touching his erect penis against her, without plaintiff's consent." The circuit court determined that "[p]laintiff has met her burden as to both counts of her complaint by a preponderance of the evidence."

¶ 11    Defendant never moved to dismiss the complaint. Instead, defendant answered the complaint and only raised his challenge to the sufficiency of count II for the first time in his motion to reconsider after trial. "All defects in pleadings, either in form or substance, not objected to in the trial court are waived." 735 ILCS 5/2-612(c) (West 2020). By answering the complaint, defendant waived any defect in the pleading. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 60 (1994). Further, the complaint on which the case was tried included two counts arising from the same operative facts: count I for a violation of the Gender Violence Act (740 ILCS 82/10), and count II styled a claim for "Childhood Sexual Abuse" and referencing a statute of limitations for such a claim (735 ILCS 5/13-202.2(a), (b)). Each count represented a theory of recovery and merged into the final judgment expressly entered on both counts. *Zboinsky v. Wojcik*, 347 Ill. App. 226, 232 (1952) ("One effect of a judgment is to merge therein the cause of action on which the action is brought, from the date of the judgment."); *cf. Perez v. St. Alexius Medical Center*, 2022 IL App (1st) 181887, ¶ 64 ("[W]here multiple claims, theories, or defenses were raised, a general verdict creates a presumption that the jury found in favor of the victorious party on every claim, theory, or defense raised."). As a consequence, even if count II was somehow legally defective as defendant now claims, he raises no challenge to count I, which, standing on its own, supports the

judgment in this case.

¶ 12    Finally, any infirmity in the complaint was cured by entry of a judgment in favor of plaintiff. Under the doctrine of aider by verdict, "[a] corollary to the waiver principle," a judgment cures any "defect in failing to allege or in alleging *** imperfectly" a cause of action, provided that the claim is one recognized under Illinois law. (Internal quotation marks omitted.) *Adcock*, 164 Ill. 2d at 60–61; *ABN AMRO Services Co., v. Navarrete Industries, Inc.*, 383 Ill. App. 3d 138, 144 (2008) ("[A]ider by verdict avoids the waste of judicial and party resources *** when the defect argued could have been cured by amendment."). Although bench trials do not have "verdicts," the doctrine applies in that context as well. See *People ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2017 IL App (1st) 152668, ¶ 91, *aff'd sub nom*, *State ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487.

¶ 13    And on the merits, defendant's claim still fails, as Illinois courts have recognized a claim for childhood sexual abuse under various theories. See *Doe ex rel. Doe v. Montessori School of Lake Forest*, 287 Ill. App. 3d 289, 298 (1997) (reversing the dismissal of a complaint regarding childhood sexual abuse and determining plaintiff stated a claim for negligence and an intentional tort). Indeed, the statute of limitations explicitly refers to a recognized cause of action for childhood sexual abuse, describing the time period in which "an action for damages for personal injury based on childhood sexual abuse must be commenced." 735 ILCS 5/13-202.2(b).

¶ 14                    B. Ineffective Assistance of Counsel

¶ 15    Defendant argues that he should be granted a new trial because his counsel's "negligence resulted in the denial of due process." Plaintiff argues that there is no constitutional right to effective assistance of counsel in civil cases. In his reply brief, defendant denies that he is arguing

ineffective assistance of counsel and contends that the seriousness of counsel's errors deprived him of due process under the Fifth and Fourteenth Amendments. U.S. Const., amends. V, XIV. "A procedural due process claim presents a legal question subject to *de novo* review." *In re Mar. S.*, 2023 IL App (1st) 231349, ¶ 44. On either theory, defendant's argument fails. The constitution does not guarantee a right to counsel in civil cases, competent or otherwise. See *Williams v. Dep't of Human Services Division of Rehabilitation Services*, 2019 IL App (1st) 181517, ¶ 66 ("[T]here is no constitutional right to appointment of counsel in civil cases \*\*\*."); *Wolfe v. Board of Education of City of Chicago*, 171 Ill. App. 3d 208, 211 (1988) ("Plaintiff has not cited, and we are not aware of, any comparable constitutional right to be adequately represented by counsel in a civil matter or an administrative hearing."). As a result, defendant's counsel's performance does not entitle him to a new trial.

¶ 16                                    C. Improper Venue

¶ 17    Defendant argues that venue was improper because he does not live in Cook County, and the alleged events did not occur in Cook County. He also argues that he was never served, and that the process server's affidavit describes a different person. Plaintiff contends that defendant waived any objection to venue or to personal jurisdiction based on improper service.

¶ 18    Venue determinations raise distinct questions of fact and law—we review the circuit court's factual conclusions for whether they were against the manifest weight of the evidence, and we review the legal effect of those conclusions *de novo. Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 154-55 (2005). Generally, venue is proper either "in the county of residence of any defendant" or where "the cause of action arose." 735 ILCS 5/2-101 (West 2018). However, "[a] defendant may raise, waive, or forfeit an objection to improper venue." *Corral*, 217 Ill. 2d at 154.

"All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint \*\*\*." 735 ILCS 5/2-104(b) (West 2018).

¶ 19      Here, defendant filed two motions for change of venue on which the circuit court never ruled. The circuit court's failure to rule on the motions does not mean that it denied them. *People v. Brusaw*, 2023 IL 128474, ¶ 17. Instead, "if no ruling is obtained, the motion is presumed to have been abandoned or waived by the movant, unless circumstances indicate otherwise." *Id*. After defendant explained that his initial counsel had withdrawn without effective notice, the circuit court vacated the default and gave defendant 21 days to file an answer. In that time, defendant did not file a new motion for change of venue, attempt to schedule a hearing for the original motions, or mention that he had previously moved for change of venue. Instead, he answered the complaint, waiving any objection to venue. 735 ILCS 5/2-104(b).

¶ 20      Defendant also argues that service was not properly executed and that he was not served by the process server whose affidavit appears in the record. Plaintiff contends that defendant never raised any issue with service below and has waived the issue. Defendant's argument is refuted by his own filings below, including an affidavit attached to one of the motions for change of venue in which defendant avers, "I was served with summons in LaSalle County."

¶ 21                                 D. Rule 375(b) Sanctions

¶ 22      Plaintiff argues that this court should impose sanctions on defendant for filing a frivolous appeal in violation of Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) because defendant failed to provide a sufficient record on appeal, and his briefs are "woefully undeveloped" and

"lack[ing] any meaningful analysis or supporting authority." Plaintiff requests her costs in responding to this appeal. Rule 375(b) authorizes appellate courts to impose sanctions if "it is determined that the appeal or other action itself is frivolous ***." Ill. S. Ct. R. 375(b). Such sanctions are designed to "condemn and punish the abusive conduct of litigants and their attorneys who appear before us." *Sterling Homes, Ltd. v. Rasberry*, 325 Ill. App. 3d 703, 709 (2001).

¶ 23    Defendant's filings in this appeal do not warrant sanctions. His failure to provide a transcript of the trial did not inhibit this court's ability to assess his appeal where each issue presented a legal question independent of the proof offered at trial. As for defendant's briefs, defendant offered authority or statutory bases for each argument. Though ultimately unsuccessful, defendant's appeal was not so frivolous or in bad faith as to require sanctions.

¶ 24                                   III. CONCLUSION

¶ 25    The judgment of the circuit court of Cook County is affirmed.

¶ 26    Affirmed.