**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240656-U

Order filed April 14, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0656 Circuit No. 21-CF-882 |
| | ) | |
| MARCO ANTONIO RUBIO, | ) ) | Honorable Ann Celine O'Hallaren Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Defendant's claim of ineffective assistance of plea counsel is better suited for a collateral proceeding as the appellate record is insufficient to resolve the claim.

¶ 2    Defendant, Marco Antonio Rubio, entered into a plea agreement with the State wherein he pleaded guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 2020)), admitted to the presence of an aggravating factor that the victim had a domestic violence order of protection (OP) against him at the time of the murder (*id.* § 9-1(b)(19)), and agreed the sentencing range was 20 to 100 years' imprisonment or natural life. The Du Page County circuit court sentenced defendant to 70

years' imprisonment. Defendant filed a motion to reconsider the sentence, arguing the sentence was excessive considering the evidence in mitigation. The court denied the motion.

¶ 3 On appeal, defendant argues counsel was ineffective for agreeing and advising defendant to agree to a plea with a sentencing range of 20 to 100 years' imprisonment or natural life because it was unauthorized by statute. Specifically, he argues the applicable sentencing range was 20 to 60 years' imprisonment or natural life and the 70-year sentence he received was unauthorized. Defendant asks this court to reduce his sentence to 60 years' imprisonment. We affirm.

¶ 4 I. BACKGROUND

¶ 5 On May 20, 2021, the State charged defendant with two counts of first degree murder (*id.* § 9-1(a)(1), (2)). Defendant was indicted on these charges along with three additional counts of first degree murder. The first degree murder charges were subject to a term of imprisonment of not less than 20 years and not more than 60 years (730 ILCS 5/5-4.5-20(a) (West 2020)). The charges arose from the murder of defendant's wife, Esmeralda DeLuna, who defendant stabbed several times in the presence of their three minor children. Officers responded to a call made by a neighbor who heard screaming in a nearby apartment. When they arrived at the apartment, officers came in contact with three children under five years old and observed a trail of blood from the living room to the hallway near the kitchen. There, officers found a female, later identified as DeLuna, lying on her side in a pool of blood with a large kitchen knife, approximately eight inches in length, protruding from her leg. She had several stab wounds and lacerations. DeLuna was transported to the hospital and died during emergency surgery.

¶ 6 On June 24, 2021, the State filed a notice of intent to seek aggravating factors and an increased range of penalties based on the murder being (1) accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty and (2) committed upon a person who had an OP

against defendant at the time of the murder issued under the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/101 *et seq.* (West 2020)). The State provided it intended to seek an increased sentence of natural life and 60 to 100 years' imprisonment, citing multiple statutes (730 ILCS 5/5-8-1(a)(1)(b), 5-8-2(a) (West 2020); 720 ILCS 5/9-1(b)(19) (West 2020)).

¶ 7    On March 5, 2024, the parties appeared before the court for a plea hearing. The State informed the court that the parties had reached an agreement where defendant would plead guilty to one count of first degree murder and the State would dismiss the remaining counts and only submit the OP aggravating factor. The court summarized the agreement as follows:

> "[T]here is an agreement as to Count 1 first degree murder, that not only the defendant is pleading guilty to that particular count, but the defendant will be admitting, and there's an agreement that the defendant will be subject to the aggravating factor regarding the [OP] as set forth in the State's notice of intention to seek aggravating factors and increased range of penalties pursuant to 725 ILCS 5/111-3 Subsection (c-5), *** which was filed on February 27th of 2024, and as it relates to that particular aggravating factor of the [OP], that the defendant— defendant is agreeing to not only plead guilty but to admit to that particular aggravating factor such that the penalty ranges extend essentially from 20 to 100 years in the [D]epartment of [C]orrections and possibly up to natural life, based upon those provisions."

Defense counsel and the State agreed with the court's understanding of the plea agreement. After questioning defendant, the court accepted the plea agreement. The State provided its factual basis, which included that DeLuna had obtained an emergency OP for herself and her children against

3

defendant on May 5, 2021, nearly two weeks before she was murdered. The parties agreed that the aggravating factor was met. Thereafter, the court held multiple hearings as to sentencing. The State asked the court to sentence defendant to a term of natural life. Defendant asked for a sentence of 20 years' imprisonment. The court sentenced defendant to 70 years' imprisonment.

¶ 8    On September 27, 2024, defendant filed a motion to reconsider the sentence, arguing it was excessive when considering the evidence in mitigation presented. Following a hearing, the court denied defendant's motion. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant argues counsel was ineffective for agreeing and advising defendant to agree to a plea with a sentencing range of 20 to 100 years' imprisonment because it was unauthorized by statute. Defendant contends the sentencing range was 20 to 60 years' imprisonment (730 ILCS 5/5-4.5-20(a) (West 2020)) or an extended-term sentence of natural life (720 ILCS 5/9-1(b)(19) (West 2020); 730 ILCS 5/5-8-1(a)(1)(b) (West 2020)). Defendant claims he was prejudiced because he was sentenced to 70 years, which was 10 years in excess of the maximum number of years allowed, and asks this court to exercise our authority under Illinois Supreme Court Rule 615(b)(4) to reduce his sentence to 60 years' imprisonment.

¶ 11    Defendant frames his issue as ineffective assistance of plea counsel for "agreeing to, and for advising [him] to agree to, an unauthorized extended-term sentencing range as part of [his] guilty plea." By way of this argument, defendant acknowledges that he agreed to the sentencing range of 20 to 100 years' imprisonment or natural life, and the court sentenced him accordingly. Thus, he takes issue with counsel's performance relating to the *entry of his guilty plea*. Defendant's brief further belabors the point that his issue originates and stems from the plea agreement itself and is more appropriately addressed as a guilty plea issue rather than one of sentencing:

4

"[Defendant's] defense attorney was ineffective for agreeing to the unauthorized sentencing range that led to the unauthorized sentence. Counsel's performance was deficient because counsel herself agreed to an unauthorized sentencing range, and because counsel advised [defendant] to agree to the unauthorized sentencing range and *he relied on that advice in pleading guilty*." (Emphasis added.)

¶ 12    Accordingly, we address defendant's contention of ineffective assistance of counsel within the context of a guilty plea. The United States and Illinois Constitutions guarantee criminal defendants the right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. This right applies to all critical stages of a criminal proceeding, including the entry of a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 44. We analyze claims of ineffective assistance of counsel under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and for claims relating to the entry of a guilty plea, we follow the application of *Strickland* in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). *People v. Valdez*, 2016 IL 119860, ¶ 29.

¶ 13    For claims of ineffective assistance of counsel in the guilty plea context, the first prong of *Strickland* remains the same where a criminal defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Hill*, 474 U.S. at 58-59. "The defendant must overcome the strong presumption that counsel's action or inaction was the result of sound trial strategy." *People v. Perry*, 224 Ill. 2d 312, 342 (2007). For the second prong, a guilty-plea defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "A conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice for purposes of an ineffectiveness claim." (Internal

quotation marks omitted.) *People v. Brown*, 2017 IL 121681, ¶ 26. The defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." (Internal quotation marks omitted.) *Valdez*, 2016 IL 119860, ¶ 29. A defendant's failure to establish either prong is fatal to the claim. *People v. Cherry*, 2016 IL 118728, ¶ 24. Where a claim of ineffective assistance of counsel was not raised in the circuit court, our review is *de novo*. *People v. Bates*, 2018 IL App (4th) 160255, ¶ 46.

¶ 14        We first conclude the record is insufficient for us to determine whether plea counsel's performance fell below an objective standard of reasonableness. Even assuming defendant is correct in that his sentence is unauthorized, it is possible plea counsel made a mistake or that counsel knew the sentencing range was unauthorized but made a strategic decision to agree to it in hopes of defendant receiving a determinate sentence of years rather than an indeterminate sentence of natural life, which the State requested. It is also possible there is another explanation not apparent on the record. The record before us does not include any information regarding plea counsel's thoughts or any discussions had prior to defendant's acceptance of the plea. Without an adequate record, we are called upon to speculate and decline to make a determination as to whether counsel's performance fell below an objective standard of reasonableness on such a basis.

¶ 15        As to the second prong, defendant merely states he received an unauthorized sentence of 70 years' imprisonment due to counsel's errors, and therefore, he was prejudiced. However, this is not the standard for prejudice under *Strickland* when a defendant asserts a claim of ineffective assistance of counsel *as to the entry of his guilty plea*. We reiterate that a guilty-plea defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. This standard has been consistently applied by our supreme court in the guilty plea context. See *People v. Agee*, 2023

6

IL 128413, ¶ 51; *People v. Hatter*, 2021 IL 125981, ¶ 26; *Brown*, 2017 IL 121681, ¶ 26; *Valdez*, 2016 IL 119860, ¶ 29. We acknowledge this standard of prejudice closely relates to the available relief for these types of claims of ineffective assistance of plea counsel, which is withdrawal of the guilty plea. However, defendant asks for relief in the form of a sentence reduction. Defendant has failed to demonstrate a sentence reduction would be an appropriate remedy under these circumstances: the alleged ineffective assistance of plea counsel arising out of the entry of the plea where (1) the State dismissed two counts and forewent an aggravating factor and (2) the parties agreed to the applicable sentencing range as part of the plea. The cases defendant relies on in support of a sentence reduction neither involved claims of ineffective assistance of counsel nor convictions by plea. See *People v. Reese*, 2017 IL 120011 (jury trial); *People v. Brusaw*, 2023 IL 128474 (bench trial). This is a distinction that cannot be overlooked. Moreover, under the appropriate standard of prejudice, the record is scant and there is no indication defendant would have rejected the plea and insisted on going to trial but for counsel's alleged deficient performance.

¶ 16 Thus, defendant's claim of ineffective assistance of counsel is better suited for a collateral proceeding as the appellate record is insufficient to resolve the claim. Our supreme court has stated that a defendant must raise a claim of ineffective assistance of counsel on direct review if the claim is apparent on the record. *People v. Veach*, 2017 IL 120649, ¶ 46. However, if the record is incomplete or inadequate for resolving the claim, such as here, the claim may be better suited in a collateral proceeding. See *id.* Thus, defendant's claim would be better raised in a collateral proceeding where a complete record can be made.

¶ 17 III. CONCLUSION

¶ 18 The judgment of the circuit court of Du Page County is affirmed.

¶ 19 Affirmed.